JOURNAL ENTRY AND OPINION
{¶ 1} The petitioner, Jermaine Parker, has filed a petition for a writ of habeas corpus. In State v. Parker, Cuyahoga County Court of Common Pleas Case No. CR-424994, Parker entered a plea of guilty to two counts of pandering sexually oriented matter involving a minor and was sentenced to two eighteen-month terms of incarceration. The terms of incarceration were ordered to be served consecutive to each other, and Parker was also subjected to post-release control pursuant to R.C.2967.28. Parker challenges the requirement of post-release control. The respondent, the Ohio Adult Parole Authority, has filed a motion to dismiss the petition for a writ of habeas corpus. In addition, William D. Mason, Cuyahoga County Prosecutor, has filed a motion for summary judgment on behalf of the Ohio Adult Parole Authority.
 {¶ 2} Parker, through his petition, argues that he should not be subjected to the requirement of post-release control. Specifically, Parker argues that during the sentencing hearing, the trial court failed to provide any notification that he would be subject to post-release control. Parker further argues that the failure of the trial court to provide notification of post-release control at the sentencing hearing prevents the Ohio Adult Parole Authority from imposing post-release control upon his release from prison. Parker cites Hernandez v.Kelley, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, in support of his argument. *Page 4 
 {¶ 3} In Hernandez, the Supreme Court of Ohio held that post-release control may not be imposed upon a defendant "in the absence of appropriate notification of post-release control by the trial court and incorporation of post-release control in its sentencing entry." Id. at 401. The General Assembly, however, has amended the Revised Code, which negates the holding of Hernandez. R.C. 2929.191 and 2967.28(B), as amended, provide that every convicted offender is subject to a period of post-release control upon release from imprisonment without any need for prior notification or warning. It must also be noted that the amendments of R.C. 2929.191 and 2967.28 are of a remedial nature and may be applied retroactively.
 {¶ 4} "Moreover, Hernandez has been superceded by statute. State v.Baker, Hamilton App. No. C-050791, 2006-Ohio-4902, fn. 5; R.C. 2929.191; R.C. 2967.28(B), as amended, effective July 11, 2006, during the pendency of this appeal. The effect of those amendments to the law, specifically as they relate to sanctions for alleged post-release control violations, are relevant to appellant's argument.
 {¶ 5} "According to Section 5(A) of Am. Sub. H.B. 137, R.C. 2929.191
was enacted for the purpose of `reaffirming] that, under the amended sections [of the Ohio Criminal Code] as they existed prior to [July 11, 2006]: by operation of law and without any need for priornotification or warning, every convicted offender sentenced to a prison term * * * for a felony sex offense * * * always is subject to a period of post-release control after the offender's release from imprisonment pursuant to *Page 5 
and for the period of time described in division (B) of section 2967.28
of the Revised Code; * * *.' (Emphasis added). Section (B) of Am. Sub. H.B. 137 states the enactment and its related statutory amendments were intended as `remedial in nature.'
 "The statutory provisions thus were meant to supercede Hernandez. The law now permits an offender to be placed under post-release control regardless of the trial court's failure to inform him of that possibility. State v. Baker, supra at fn. 5. Laws of a remedial nature may be applied retroactively. EPI of Cleveland v. Limbach
(1989), 42 Ohio St.3d 103, 537 N.E.2d 651." State v. Fitzgerald, Cuyahoga App. No. 86443, 2006-Ohio-6575, at ¶ 41-43.
 {¶ 6} In the case sub judice, Parker was informed of the requirement of post-release control upon his release from prison through the sentencing journal entry, which was journalized on October 4, 2002. In addition, the failure to notify a convicted offender of post-release control does not prevent the imposition of post-release control and sanctions vis-a-vis the remedial operation of R.C. 2929.191 and2967.28(B). We thus hold that post-release control is mandated under the facts pertinent to Parker and that Parker fails to state a claim upon which a petition for a writ of habeas corpus can issue. State ex rel.Peeples v. Anderson, 73 Ohio St.3d 559, 1995-Ohio-335, 653 N.E.2d 371.
 {¶ 7} Accordingly, we grant the motion to dismiss filed by the Ohio Adult Parole Authority. The motion for summary judgment, filed on behalf of the Ohio Adult Parole Authority by William D. Mason, Cuyahoga County Prosecutor, is denied as moot. Costs to Parker. *Page 6 
Petition dismissed.
 COLLEEN CONWAY COONEY, J., and MELODY J. STEWART, J., CONCUR *Page 1