JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Edward Code appeals from a common pleas court order which resentenced him and included a term of post-release control with his sentence. He argues that the court abused its discretion by resentencing him only sixty-eight days before his prison term concluded, that the court lacked jurisdiction to do so, and that res judicata barred the court's actions. We affirm.
 {¶ 2} Appellant was charged with murder in a one count indictment filed November 13, 1997. A jury found him not guilty of murder but guilty of voluntary manslaughter. In a judgment entered on May 12, 1998, the court sentenced him to a term of nine years' imprisonment. Appellant's conviction was affirmed on appeal. State v. Code (Aug. 16, 1999), Cuyahoga App. No. 74590.
 {¶ 3} On August 9, 2006, the common pleas court conducted a resentencing hearing, sua sponte, at which appellant was present with counsel and objected to the proceedings. The court vacated the sentence previously imposed, resentenced appellant to a term of nine years' imprisonment and advised appellant that he was subject to a mandatory period of five years' post-release control. Appellant now appeals from the resentencing order entered on August 14, 2006.
 {¶ 4} In their briefs, the parties rely on the Ohio Supreme Court's decisions in State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, andHernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126. However, the pertinent provision is R.C. 2929.191, *Page 4 
which became effective July 11, 2006, shortly before the resentencing hearing was held. This statute provides, in pertinent part:
 (A) (1) If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type described in division (B)(3)(c) of section 2929.19 of the Revised Code [which includes a prison term for a first degree felony] and failed to notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28
of the Revised Code after the offender leaves prison.
 * * *
 (C) On and after the effective date of this section, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction. *Page 5 
 {¶ 5} Appellant's arguments ignore this statutory enactment, which plainly authorized the hearing conducted by the court here. Although the court entered an entirely new sentencing order, not the nunc pro tunc correction of the prior sentencing order apparently authorized by R.C. 2929.191(A)(2), this is a distinction without a difference because the only effect of the resentencing order in this case was to add an express requirement that appellant serve a period of post-release control following his prison term. Cf. State ex rel Cruzadov. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, T|29 (noting that the resentencing procedure used by trial court in that case was similar to the correction procedure authorized by R.C. 2929.191). Thus, R.C. 2929.191 provided the trial court with jurisdiction to do what it did. See State v.Leonard, Ashtabula App. No. 2006-A-0064,2007-Ohio-1545. Appellant's sole assignment of error is therefore overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 6 
SEAN C. GALLAGHER, P.J., and ANN DYKE, J., CONCUR