JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This is an appeal from the trial court's nunc pro tunc judgment entry, which added postrelease control to the sentence the trial court had previously imposed on defendant-appellant, Larry D. Marsh. For the reasons stated below, we vacate the order of postrelease control.
 {¶ 2} In 1997, Marsh pled guilty to aggravated robbery and kidnapping, both with a firearm specification, and the trial court imposed a prison sentence of ten years. The sentencing entry did not include any notification regarding postrelease control. In November 2006, before the expiration of Marsh's sentence, the State of Ohio moved the trial court to correct its sentencing entry through a nunc pro tunc entry, as authorized by R.C. 2929.191, to add postrelease control to Marsh's sentence.
 {¶ 3} The trial court held a hearing on December 8, 2006, one day before Marsh's scheduled release from prison. At the conclusion of the hearing, the trial court issued a nunc pro tunc entry which added five years of postrelease control to Marsh's original sentence.
 {¶ 4} Marsh now appeals and raises five assignments of error. He argues that the trial court's after-the-fact addition of postrelease control to his sentence constitutes successive punishment for the same crime and is therefore a double jeopardy violation, and it circumvents the truth-in-sentencing goals of R.C. 2929.14(F) and 2967.28. Marsh also argues that the new sentence was barred by *Page 4 
principles of res judicata because the State never appealed the original sentence, and that a new sentence imposed so close in time to the completion of his sentence deprives him of his legitimate expectation of finality. Finally, he contends that R.C. 2929.191 is unconstitutional because it violates the one-subject provision of Article II, § 15(D) of the Ohio Constitution.
 {¶ 5} This court has previously upheld the trial court's authority under R.C. 2929.191 to correct a sentence that omits notification of postrelease control. We stated, "the failure to notify a convicted offender of postrelease control does not prevent the imposition of postrelease control and sanctions vis-a-vis the remedial operation of R.C. 2929.191 and 2967.28(B)." Parker v. Ohio Adult Parole Auth., Cuyahoga App. No. 89693, 2007-Ohio-3262, at ¶ 6.
 {¶ 6} However, in State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, the Supreme Court of Ohio held that "[w]hen a trial court fails to notify an offender that he may be subject to postrelease control at a sentencing hearing, * * * the sentence is void; the sentence must be vacated and the matter remanded to the trial court for resentencing." Id. at ¶ 16. The Supreme Court explained that at such a resentencing hearing, "the trial court may not merely inform the offender of the imposition of postrelease control and automatically reimpose the original sentence. Rather, the effect of vacating the trial court's original sentence is to place the parties in the same *Page 5 
place as if there had been no sentence." Id. at ¶ 6. Accordingly, "[t]he trial court must resentence the offender as if there had been no original sentence." Id. at ¶ 16.
 {¶ 7} Thus, "we are now compelled by the Bezak decision to ensure that an offender who was not provided with notice of postrelease control at his or her original sentencing hearing is afforded a full de novo resentencing hearing rather than one in which the trial court has merely provided the offender with notice of postrelease control and summarily reimposed the original sentence." State v. Bruner, Ashtabula App. No. 2007-A-0012, 2007-Ohio-4767, at ¶ 11.
 {¶ 8} The record in this case indicates that the trial court did not conduct a full de novo resentencing hearing. When the trial judge asked whether he had "to vacate the prior sentence and re-sentence," the prosecutor told him, "[n]o, just add on a mandatory period of postrelease control and cut a journal entry." The trial judge responded, "[a]ll right. I prefer to do that." The trial court then entered a nunc pro tunc order in which it added a five-year period of postrelease control to Marsh's original ten-year sentence.
 {¶ 9} Marsh has since completed his entire prison term. He was not properly advised of mandatory postrelease control at his original sentencing and the trial court did not conduct a de novo sentencing hearing which correctly imposed postrelease control before the expiration of his prison term. Once an offender has served the prison term ordered by the trial court, he or she cannot be subject to *Page 6 
resentencing in order to correct the trial court's failure to impose postrelease control at the original sentencing hearing. Bezak, supra at ¶ 18. See, also, State v. Schneider, Cuyahoga App. No. 89033,2007-Ohio-5536, at ¶ 21; State v. Bond, Hamilton App. No. C-060611,2007-Ohio-4194, at ¶ 5. Thus, Marsh cannot now be resentenced, because his prison term has expired. Accordingly, we vacate the trial court's order imposing postrelease control.
 {¶ 10} Appellant's assignments of error are overruled as moot.
 {¶ 11} The order of postrelease control is vacated.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, JUDGE
 COLLEEN CONWAY COONEY, P.J., and MARY J. BOYLE, J., CONCUR. *Page 1