JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Clifford Patrick ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 2} On January 4, 2000, appellant pled guilty to one count of attempted rape and one count of kidnapping, both felonies of the second degree. On January 25, 2000, the trial court held a combined H.B. 180 sexual predator and sentencing hearing. The trial court found appellant to be a habitual sexual offender and imposed an aggregate prison sentence of seven years.
 {¶ 3} However, the trial court's journal entry only provided that "the sentence includes any extensions provided by law," and, therefore, did not properly impose postrelease control on appellant. On November 21, 2006, prior to the expiration of appellant's sentence, the state filed a motion with the judge who succeeded the original trial judge, asking that the mandatory period of postrelease control be imposed. The state made this motion pursuant to the newly enacted statute, R.C. 2929.191, which allows for a hearing to impose postrelease control prior to the expiration of appellant's sentence.
 {¶ 4} On November 29, 2006, the lower court held a resentencing hearing and advised appellant that he would be subject to postrelease control. Two attorneys were present to represent the appellant. At this hearing appellant was *Page 4 
resentenced, and the lower court specifically imposed the mandatory period of postrelease control. Appellant subsequently appealed to this court.
 II {¶ 5} First assignment of error: "The trial court's addition of postrelease control to appellant's original sentence constituted a double jeopardy violation."
 {¶ 6} Second assignment of error: "The trial court's `after-the-fact' imposition of postrelease control violated R.C. 2929.14(F) and R.C. 2967.28."
 {¶ 7} Third assignment of error: "Appellant was deprived of his property without due process of law, and his rights under the Sixth Amendment where the trial court imposed costs in his absence."
 {¶ 8} Fourth assignment of error: "The trial court's imposition of postrelease after Mr. Patrick's scheduled release from prison violated his due process rights."
 {¶ 9} Fifth assignment of error: "The trial court erred in adding postrelease control to appellant's original sentence as the addition was precluded by the doctrine of res judicata when the state failed to appeal the omission of post-release control from appellant's original sentence."
 {¶ 10} Sixth assignment of error: "Am. Sub. H.B. 137 violates the one-subject provision of the Ohio Constitution and is therefore unconstitutional."
 III {¶ 11} Because of the substantial interrelation between appellant's first, fourth *Page 5 
and sixth assignments of error, we shall address them together. Appellant argues that the imposition of mandatory postrelease control constitutes a constitutional violation. However, Ohio courts have rejected constitutional challenges to R.C. 2929.191. State v.Merideth, Perry App. No. 06 CA 15, 2007-Ohio-176 (rejecting separation of powers argument); State v. Rich, Stark App. No. 2006CA00171,2007-Ohio-362 (rejecting argument that the state should have appealed void sentence under R.C. 2953.08 and ex post facto argument); State v.Ramey, Franklin App. No. 06AP-245, 2006-Ohio-6429 (rejecting double jeopardy argument and argument that adding postrelease control one day prior to the expiration of a sentence violated due process); State v.Zeisig, Summit App. No 23233, 2007-Ohio-505; State v. Bloomer, Fulton App. No. F-06-012, 2007-Ohio-1039.
 {¶ 12} In their briefs, the parties cite the Ohio Supreme Court's decisions in State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085,817 N.E.2d 864, and Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126,844 N.E.2d 301. However, the pertinent provision in this case is R.C.2929.191, which became effective July 11, 2006, shortly before the resentencing hearing was held. This statute provides, in pertinent part:
 "(A)(1) If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type described in division (B)(3)(c) of section 2929.19 of the Revised Code [which includes a prison term for a second degree felony] and failed to *Page 6 notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison.
 "* * *
 "(C) On and after the effective date of this section, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing *Page 7 to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender * * * has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction."
 {¶ 13} Appellant's arguments ignore this statutory enactment, which plainly authorized the hearing conducted by the court in this case. The trial court entered a nunc pro tunc correction of the prior sentencing order authorized by R.C. 2929.191(A)(2). R.C. 2929.191 provided the trial court with jurisdiction to do what it did. State v. Leonard, Ashtabula App. No. 2006-A-0064, 2007-Ohio-1545. See, also, State v.Code, Cuyahoga App. No. 88712, 2007-Ohio-3659. Further, the trial court conducted a de novo sentencing hearing and did not merely advise the offender of the postrelease control conditions. See State v. Bezak, *Page 8 
114 Ohio St.3d 94, 2007-Ohio-3250; State v. Schneider, Cuyahoga App. No. 89033,2007-Ohio-5536; and State v. Marsh, Cuyahoga App. No. 89281,2007-Ohio-6491.
 {¶ 14} Accordingly, appellant's first, fourth, and sixth assignments of error are overruled.
 {¶ 15} Appellant argues in his second assignment of error that the lower court's after-the-fact imposition of postrelease control violated R.C. 2929.14(F) and 2967.28 and is inconsistent with Hernandez v.Kelly, 108 Ohio St.3d 395, 2006-Ohio-126. Appellant citesHernandez; however, appellant's reliance on Hernandez is misplaced.Hernandez did not involve R.C. 2929.191. In fact, R.C. 2929.191 was enacted after the Hernandez decision.
 {¶ 16} Moreover, the defendant in Hernandez had completed his sentence at the time postrelease control was imposed. The appellant in the case at bar had not completed his sentence at the time postrelease control was imposed. In addition, the Ohio Supreme Court has subsequently cited to the new statute with approval. State ex rel. Cruzado v. Zaleski,111 Ohio St.3d 353, 2006-Ohio-5795. The evidence in the case at bar demonstrates that the lower court followed the explicit statutory framework required in this case. The lower court's actions were proper. Accordingly, appellant's second assignment of error is overruled.
 {¶ 17} Appellant argues in his third assignment of error that he was deprived of his property without due process of law and his rights under the Sixth Amendment when the trial court imposed costs in his absence. We find no merit in appellant's *Page 9 
argument. A review of the docket demonstrates that the original sentencing entry contained a provision that appellant pay court costs. Therefore, by imposing court costs at the time postrelease control was added, the lower court was simply being consistent with its earlier mandate that appellant pay court costs.
 {¶ 18} Accordingly, we overrule appellant's third assignment of error.
 {¶ 19} Appellant argues in his fifth assignment of error that the trial court erred in adding postrelease control to his original sentence because the addition was precluded by the doctrine of res judicata. The Ohio Supreme Court has rejected this argument. Id.
 {¶ 20} It is true that trial courts lack authority to reconsider their own valid final judgments in criminal cases. It is equally true, however, that this general rule is subject to two exceptions under which the trial court retains continuing jurisdiction. First, a trial court is authorized to correct a void sentence. Second, a trial court can correct clerical errors in judgments. Crim.R. 36. The term "clerical mistake" refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment. Although courts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth, nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided. State ex rel.Cruzado v. Zaleski, 111 Ohio St.3d 353.
 {¶ 21} Here, the trial court's error falls within the first exception. In the journal *Page 10 
entry for appellant's convictions, the trial court did not impose postrelease control. "Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." State v. Beasley (1984), 14 Ohio St.3d 74, 75. "[W]here a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant."State v. Jordan, 104 Ohio St.3d 21, 23, 2004-Ohio-6085.
 {¶ 22} We find that the lower court's actions in this case were not precluded by the doctrine of res judicata.
 {¶ 23} Appellant's fifth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 11 
 COLLEEN CONWAY COONEY, P.J., and SEAN C. GALLAGHER, J., CONCUR *Page 1