JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Richard Harris, appeals from the trial court's October 12, 2006 order imposing a five-year period of postrelease control to his sentence. For the reasons that follow, we reverse and vacate the order of postrelease control and remand the matter to the trial court to order appellant's postrelease control terminated.
 {¶ 2} On December 19, 1997, following a jury trial, appellant was convicted on one count of rape and one count of theft. The trial court sentenced appellant to nine years in prison on the rape conviction, to run concurrently with a sentence of six months in prison on a theft conviction from another case. Appellant's conviction was affirmed by this court on appeal.[1]
 {¶ 3} On October 11, 2006, two days prior to appellant's scheduled release from prison, the state filed a "Motion for Correction of Journal Entry for Judgment of Conviction," asking the court to correct the record pursuant to R.C. 2929.191 to reflect the imposition of the mandatory period of postrelease control. The trial court held a hearing the next day. Appellant, in prison, appeared at the hearing by video conference and was represented by appointed counsel from the public defender's office. Appellant did not object to the use of the video conference or to appointed counsel. However, appellant did object to the hearing to correct the record and to the timing of the hearing. *Page 4 
 {¶ 4} Over appellant's objection, the trial court notified appellant that at the expiration of his prison term he would be placed on postrelease control for a period of up to five years for the rape conviction. The court further advised appellant that he may be placed on postrelease control for a period of up to three years for the theft conviction, but that it would run concurrent to the other postrelease control. The court did not stay the application of postrelease control pending appeal, and defense counsel advised appellant to follow the terms of postrelease control that would be given to him upon his release.
 {¶ 5} Using the procedure provided in R.C. 2929.191(A)(1), the trial court then journalized its decision on October 12, 2006 through a nunc pro tunc entry to reflect the correction to the December 19, 1997 judgment of conviction. Appellant appeals from this entry raising seven assignments of error for our review.
 {¶ 6} "ASSIGNMENT OF ERROR I:
 {¶ 7} "THE TRIAL COURT'S ADDITION OF POST-RELEASE CONTROL TO APPELLANT'S ORIGINAL SENTENCE CONSTITUTED A DOUBLE JEOPARDY VIOLATION."
 {¶ 8} Appellant asserts that the trial court cannot simply add postrelease control to the original sentence. He argues that double jeopardy requires a trial court to hold a de novo sentencing hearing in order to include postrelease control as part of a defendant's sentence. Appellant further argues that the statute authorizes an impermissible use of a nunc pro tunc entry. *Page 5 
 {¶ 9} The state argues that the trial court properly followed the procedures outlined in R.C. 2929.191. It asserts that R.C. 2929.191
permits the trial court to correct the original judgment entry and add postrelease control provisions through a nunc pro tunc entry. It contends that the Ohio Supreme Court cited to R.C. 2929.191 with favor in State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795.
 {¶ 10} This court recently addressed the exact issue in this case under almost identical facts and vacated the imposition of postrelease control sanctions. See State v. Schneider, Cuyahoga App. No. 89033,2007-Ohio-5536. The Schneider opinion relied upon two recent decisions of the Ohio Supreme Court. In State v. Jordan, 104 Ohio St.3d 21,2004-Ohio-6085, the court held that where the trial court did not properly advise a defendant of mandatory postrelease control at his original sentencing hearing, the sentence was void. Jordan at _27. The void sentence had to be vacated and the matter remanded to the trial court for resentencing. Id. Jeopardy did not attach to the void sentence and, therefore, the court's imposition of the correct sentence did not constitute double jeopardy. Id. at _25.
 {¶ 11} In State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, the supreme court stated it was following its holding in Jordan, and held that, "when a trial court fails to notify an offender that he may be subject to postrelease control at a sentencing hearing, as required by former R.C. 2929.19(B)(3), the sentence is void; the sentence must be vacated and the matter remanded to the trial court for *Page 6 
resentencing. The trial court must resentence the offender as if there had been no original sentence." Bezak at _16.
 {¶ 12} In the instant case, it is not disputed that the trial court failed to properly advise appellant of postrelease control when it sentenced him in December 1997. That sentence is therefore void. The trial court had the authority to correct its void judgment. State v.Beasley (1984), 14 Ohio St.3d 74, 75. To correct the error, the void sentence had to be vacated and the matter remanded to the trial court for a new sentencing hearing. Bezak, supra.
 {¶ 13} The record demonstrates that the trial court followed the statutory requirements in R.C. 2929.191 in an attempt to correct the 1997 judgment entry to include postrelease control sanctions, but did not conduct a de novo sentencing hearing as required underBezak. The court advised appellant and counsel that the hearing was being held because the state "filed a motion to correct the journal entry of conviction on these matters suggesting that [the sentencing judge] failed to advise Mr. Harris of the post-release control provisions of Senate Bill 2." The court then advised appellant, "[i]n view of the fact that you have been found guilty of the crime of rape, Mr. Harris, you will be placed on post-release control at the expiration of your prison term for a period of up to five years." The court did not impose a new term of imprisonment.
 {¶ 14} The court's October 12, 2006 sentencing entry is likewise insufficient to impose a valid sentence. "Although courts possess inherent authority to correct *Page 7 
clerical errors in judgment entries so that the record speaks the truth, `nunc pro tunc entries' are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided." State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795, _19. The entry in this case reads, "nunc pro tunc entry as of and for 12/19/1997" and states only that "defendant advised that post release control is part of this prison sentence for the felony under R.C. 2967.28." However, the court's references in the motion hearing to "your prison term" and in the journal entry to "this prison sentence" are clearly referencing the original 1997 sentence which we have determined is void. In resentencing to correct a void sentence, "the trial court may not merely inform the offender of the imposition of postrelease control and automatically reimpose the original sentence."Bezak, supra, at _13.
 {¶ 15} In light of the Bezak decision and this court's recent decision in Schneider, the trial court's October 12, 2006 order is void. We therefore vacate the sentence imposed by that order. If appellant were still incarcerated, the proper procedure would be to remand the matter for a new sentencing hearing. However, as appellant has already completed his prison sentence, he is not subject to resentencing.Bezak at _18. We therefore remand the matter to the trial court to *Page 8 
order the termination of appellant's postrelease control. See State v.Bond, Hamilton App. No. C-060611, 2007-Ohio-4194.[2]
 {¶ 16} Appellant's remaining assignments of error need not be addressed because his first assignment is dispositive of the case.[3]
App.R. 12. *Page 9 
 {¶ 17} This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, JUDGE MARY EILEEN KILBANE, J., CONCURS ANTHONY O. CALABRESE, JR., P.J., DISSENTS *Page 10 
WITH SEPARATE OPINION
[1] State v. Harris (Dec. 10, 1998), Cuyahoga App. No. 73896.
[2] See, also, State v. Bruner, Ashtabula App. No. 2007-A-0012,2007-Ohio-4767, wherein the eleventh district stated: "Previously, when faced with the arguments raised by appellant, this court has consistently upheld the trial court's authority to correct a sentence that omits notification of postrelease control. We reasoned that `the enactment of R.C. 2929.19 and 2929.191 now authorize a trial court to correct a sentencing order that omitted a notice regarding postrelease control.' * * * We are now compelled by the Bezak decision to ensure that an offender who was not provided with notice of postrelease control at his or her original sentencing hearing is afforded a full de novo resentencing hearing rather than one in which the trial court has merely provided the offender with notice of postrelease control and has summarily reimposed the original sentence." Id. at _9-11.
[3] The remaining assigned errors are:
 "ASSIGNMENT OF ERROR II:
 "THE TRIAL COURT'S `AFTER-THE-FACT' IMPOSITION OF POST-RELEASE CONTROL VIOLATED R.C. 2929.14(F) AND R.C. 2967.28.
 "ASSIGNMENT OF ERROR III:
 "THE TRIAL COURT'S IMPOSITION OF POST-RELEASE CONTROL BY VIDEOCONFERENCE VIOLATED CRIM.R. 43(A) AND APPELLANT'S DUE PROCESS RIGHT TO BE PHYSICALLY PRESENT AT EVERY STAGE OF HIS CRIMINAL PROCEEDING.
 "ASSIGNMENT OF ERROR IV:
 "THE TRIAL COURT'S IMPOSITION OF POST-RELEASE CONTROL BY VIDEOCONFERENCE ONE DAY BEFORE APPELLANT'S RELEASE AFTER SERVING A SEVEN-YEAR PRISON TERM VIOLATED HIS DUE PROCESS RIGHTS.
 "ASSIGNMENT OF ERROR V:
 "THE TRIAL COURT ERRED IN ADDING POST-RELEASE CONTROL TO APPELLANT'S ORIGINAL SENTENCE AS THE ADDITION WAS PRECLUDED BY THE DOCTRINE OF RES JUDICATA WHEN THE STATE FAILED TO APPEAL THE OMISSION OF POST-RELEASE CONTROL FROM APPELLANT'S ORIGINAL SENTENCE.
 "ASSIGNMENT OF ERROR VI:
 "APPELLANT WAS DENIED THE RIGHT TO COUNSEL AS PROVIDED BY THE SIXTH AMENDMENT.
 "ASSIGNMENT OF ERROR VII:
 "AM. SUB. H.B. 137 VIOLATES THE ONE-SUBJECT PROVISION OF THE OHIO CONSTITUTION AND IS THEREFORE UNCONSTITUTIONAL."