JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Barry Fletcher, appeals the judgment of the Cuyahoga County Court of Common Pleas that imposed postrelease control to Fletcher's original sentence. For the reasons stated herein, we vacate the order of postrelease control.
 {¶ 2} On May 13, 1997, Fletcher pled guilty to two counts of rape. On June 30, 1997, the trial court imposed an aggregate prison sentence of ten years. At that time, the trial court did not impose postrelease control.
 {¶ 3} Fletcher was scheduled to be released from incarceration on January 24, 2007. Approximately one week prior to Fletcher's completion of his ten-year prison term, the state filed a "motion for correction to the journal entry for judgment of conviction." Relying on R.C. 2929.191, effective July 11, 2006, the state asked the trial court to add postrelease control to Fletcher's sentence.
 {¶ 4} A hearing was held on January 23, 2007, the day before Fletcher's scheduled release from incarceration. At the hearing, the trial court addressed the issue of postrelease control. At the conclusion of the hearing, the trial court imposed a mandatory five years of postrelease control as part of Fletcher's original sentence.
 {¶ 5} Fletcher has appealed the trial court's ruling and has raised five assignments of error for our review. We need not address the assigned errors because the trial court's imposition of postrelease control was invalid. *Page 4 
 {¶ 6} In State v. Bezak, 114 Ohio St.3d 94, 97, 2007-Ohio-3250, the Supreme Court of Ohio held that "[w]hen a trial court fails to notify an offender that he may be subject to postrelease control at a sentencing hearing, * * * the sentence is void; the sentence must be vacated and the matter remanded to the trial court for resentencing." The court explained that at such a resentencing hearing, "the trial court may not merely inform the offender of the imposition of postrelease control and automatically reimpose the original sentence. Rather, the effect of vacating the trial court's original sentence is to place the parties in the same place as if there had been no sentence." Id. at 96. Accordingly, "[t]he trial court must resentence the offender as if there had been no original sentence." Id. at 97.
 {¶ 7} In this case, the hearing held by the trial court on January 23, 2007, merely addressed the issue of postrelease control. The trial court added postrelease control to Fletcher's original sentence. However, that sentence was void, and the trial court was required to conduct a de novo sentencing hearing.
 {¶ 8} In State v. Marsh, Cuyahoga App. No. 89281, 2007-Ohio-6491, this court recognized that we have "previously upheld the trial court's authority under R.C. 2929.191 to correct a sentence that omits notification of postrelease control." However, "we are now compelled by the Bezak decision to ensure that an offender who was not provided with notice of postrelease control at his or her original sentencing hearing is afforded a full de novo resentencing hearing rather than one in which the trial court has merely provided the offender with notice of postrelease *Page 5 
control and summarily reimposed the original sentence." Id., citingState v. Bruner, Ashtabula App. No. 2007-A-0012, 2007-Ohio-4767; see, also, State v. Schneider, Cuyahoga App. No. 89033, 2007-Ohio-5536.
 {¶ 9} Here, while the trial court followed the statutory law contained in R.C. 2929.191, the trial court did not conduct a de novo sentencing hearing to correctly impose postrelease control before the expiration of Fletcher's prison term. "Once an offender has served the prison term ordered by the trial court, he or she cannot be subject to resentencing in order to correct the trial court's failure to impose postrelease control at the original sentencing hearing." State v. Marsh, supra, citing Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250. Accordingly, the trial court's order imposing postrelease control must be vacated. SeeState v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250; State v. Marsh, supra; and State v. Schneider, supra.
 {¶ 10} The assignments of error are overruled as moot. App.R. 12.
 {¶ 11} The order of postrelease control is vacated.
 {¶ 12} This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and CHRISTINE T. MCMONAGLE, J., CONCUR *Page 1