JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Harvey Armstrong, appeals from a judgment of the Cuyahoga County Court of Common Pleas that imposed postrelease control to his original sentence. For the following reasons, we vacate the order of postrelease control. *Page 3 
 {¶ 2} In May 2000, the Cuyahoga County Grand Jury indicted Armstrong on 115 counts. In January 2001, Armstrong pled guilty to six counts of rape and one count of felonious assault with a three-year firearm specification. The trial court classified Armstrong as a sexual predator and sentenced him to an aggregate prison term of seven years. The trial court did not notify Armstrong that he would be subject to postrelease control.
 {¶ 3} In May 2007, just before Armstrong was scheduled to be released from prison, the state moved to correct Armstrong's sentencing entry to add postrelease control pursuant to R.C. 2929.191. The trial court held a hearing on the state's motion on May 11, 2007, two days before Armstrong's scheduled release. Over Armstrong's objection, he appeared via video conference.
 {¶ 4} At the hearing, the trial court only addressed the issue of postrelease control. It found, also over Armstrong's objection, that "[R.C] 2929.191 * * * does authorize the Court to prepare and issue a correction to the judgment of conviction that can include, in that corrected judgment, that the offender will be supervised under [R.C] 2967.28 * * * after the offender leaves prison." The trial court then addressed Armstrong and stated, "at this point I am going to advise you that upon completion of your prison term, you will be subject to a five-year mandatory postrelease control period[.]" The court journalized an entry including the same. *Page 4 
 {¶ 5} Armstrong now appeals and raises seven assignments of error for our review.[1] Since we hold that the trial court's imposition of postrelease control was invalid, we do not need to address Armstrong's assignments.[2]
 {¶ 6} It is undisputed that the trial court imposed postrelease control pursuant to R.C. 2929.191 without conducting a de novo sentencing hearing. We recognize that this statute authorizes a trial court to do just that, if the offender has not been released from prison. R.C. 2929.191(A)(1). Moreover, this court "has previously upheld the trial court's authority under this statute to correct a sentence that omits notification of postrelease control." State v. Marsh, 8th Dist. No. 89281, *Page 5 2007-Ohio-6491, at _5, citing Parker v. Ohio Adult Parole Auth., 8th Dist. No. 89693, 2007-Ohio-3262, at _6.
 {¶ 7} In State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, however, the Supreme Court held at the syllabus that "[w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense." The Supreme Court recently reaffirmed this holding in Simpkins, supra.
 {¶ 8} As the state "recognizes," it is now well established in this court that we are compelled by Bezak to ensure that an offender, who was not provided with notice of postrelease control at his or her original sentencing hearing, be afforded a full, de novo sentencing hearing. SeeMarsh, supra; State v. Schneider, 8th Dist. No. 89033, 2007-Ohio-5536;State v. Fletcher, 8th Dist. No. 89458, 2008-Ohio-320; State v.Harris, 8th Dist. No. 89128, 2007-Ohio-6850; and State v. Lemieux, 8th Dist. No. 89678, 2008-Ohio-1253. See, also, State v. Bond, 1st Dist. No. C-060611, 2007-Ohio-4194; and State v. Bruner, 11th Dist. No. 2007-A-0012, 2007-Ohio-4767. But, see, State v. Holda, 5th Dist. No. 2007CA0045, 2008-Ohio-1244 (held that "trial courts are now statutorily authorized to correct sentencing entries to include omitted postrelease control notifications," reasoning that "the majority in Bezak did not address this statutory scheme"). *Page 6 
 {¶ 9} Therefore, since the trial court in the instant case failed to impose postrelease control as part of Armstrong's original sentence, that sentence is void. And because at the May 11, 2007 hearing on the state's motion to correct Armstrong's sentence, the trial court merely "advised" him that he would be subject to postrelease control upon his release from prison, without conducting a de novo sentencing hearing, that sentence is also void.
 {¶ 10} The record shows that Armstrong has since been released from prison. Under Bezak, once offenders have served their prison term, they cannot be subject to resentencing in order to correct the trial court's failure to impose postrelease control at the original sentencing hearing. Id. at _18. Thus, since Armstrong's prison term has expired, he cannot now be resentenced.
 {¶ 11} Accordingly, the judgment of Cuyahoga County Court of Common Pleas imposing postrelease control is vacated.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 7 
COLLEEN CONWAY COONEY, P.J., CONCURS; ANTHONY O. CALABRESE, JR., J., DISSENTS WITH SEPARATE OPINION.
[1] "[1.] The trial court's addition of postrelease control to appellant's original sentence constituted a double jeopardy violation.
"[2.] The trial court's `after-the-fact' imposition of postrelease control violated R.C. 2929.14(F) and R.C. 2967.28.
"[3.] The trial court's imposition of postrelease control by video conference violated Crim.R. 43(A) and appellant's due process right to be physically present at every stage of his criminal proceeding.
"[4.] The trial court's imposition of postrelease control by video conference one day before appellant's release after serving a seven-year prison term violated his due process rights.
"[5.] The trial court erred in adding postrelease control to appellant's original sentence as the addition was precluded by the doctrine of res judicata when the state failed to appeal the omission of postrelease control from appellant's original sentence.
"[6.] Appellant was constructively denied the right to counsel as provided by the Sixth Amendment.
"[7.] Am. Sub. H.B. 137 violates the one-subject provision of the Ohio Constitution and is therefore unconstitutional."
[2] The issue Armstrong raises in his seventh assignment of error, that R.C. 2929.191 is unconstitutional, is currently pending before the Ohio Supreme Court. See State v. Mosmeyer, 115 Ohio St.3d 1472,2007-Ohio-5735; State v. Simpkins, Slip Opinion No. 2008-Ohio-1197, at fn. 1.