JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Clayton Goudlock appeals the trial court's imposition of post-release control approximately nine years after he was sentenced. He sets forth six assigned errors for our review.[1]
 {¶ 2} Having reviewed the record and pertinent law, we reverse and remand the trial court's order imposing postrelease control. The apposite facts follow.
 {¶ 3} On July 29, 1998, Goudlock pled guilty in two separate cases. In the first case, he pled to one count each of aggravated robbery and having a weapon while under disability. In the second case, he pled to one count of aggravated robbery and two counts of felonious assault. Goudlock was also found to have violated community controlled sanctions imposed in a prior case. The trial court imposed a total term of nine years incarceration, but failed to include the mandatory term of five years postrelease control.
 {¶ 4} Goudlock was scheduled to be released from incarceration on May 11, 2007. Three days prior to Goudlock's completion of his sentence, the state filed a motion to correct the sentence to include five years of postrelease control. Two days prior to Goudlock's scheduled release, the trial court held a hearing on the motion. Goudlock appeared at the hearing via video. Goudlock's counsel objected to the use of the video conference. He also objected to the state's attempt to add the postrelease control at such a late date. *Page 3 
 {¶ 5} Over Goudlock's objection, the trial court imposed a mandatory five years of postrelease control as part of Goudlock's original sentence.
 Postrelease Control Invalid {¶ 6} In his first and second assigned errors, Goudlock argues the trial court must conduct a de novo sentencing hearing in order to impose postrelease control. We agree.
 {¶ 7} In State v. Bezak,[2] the Ohio Supreme Court held that "[w]hen a trial court fails to notify an offender that he may be subject to postrelease control at a sentencing hearing, * * * the sentence is void; the sentence must be vacated and the matter remanded to the trial court for resentencing."[3] The Court explained that at the resentencing hearing, "the trial court may not merely inform the offender of the imposition of postrelease control and automatically reimpose the original sentence. Rather, the effect of vacating the trial court's original sentence is to place the parties in the same place as if there has been no sentence."[4]
 {¶ 8} In State v. Simpkins,[5] the Ohio Supreme Court recently reiterated the holding in Bezak and held: *Page 4 
 "In cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void and the state is entitled to a new sentencing hearing in order to have postrelease control imposed on the defendant unless the defendant had completed his sentence."[6]
 {¶ 9} Therefore, the court must resentence on the entire sentence. Here, the court failed to conduct a de novo sentencing hearing, but merely imposed the postrelease control. Therefore, the court did not properly impose a condition of postrelease control at the resentencing.
 {¶ 10} The state argues that the trial court properly followed the procedures outlined in R.C. 2929.191, effective July 11, 2006. It asserts that R.C. 2929.191 permits the trial court to correct the original judgment entry and add postrelease control provisions through a nunc pro tunc entry. This court has addressed this exact same issue in other cases, under almost identical facts.[7] We held that although R.C. 2929.191 provides the court with the authority to impose the postrelease control after the original sentence, the court must still accord the defendant a full resentencing hearing when it does so.[8] *Page 5 
 {¶ 11} It is undisputed that the trial court failed to properly impose the mandatory postrelease control when it originally sentenced Goudlock in 1998, and that it failed to provide a complete resentencing hearing in imposing the postrelease control prior to Goudlock's release. Because Goudlock has completed serving his prison term, the court cannot now vacate the sentence and reimpose the sentence. Once an offender has served the prison term ordered by the trial court, he or she cannot be subject to resentencing in order to correct the trial court's failure to impose postrelease control at the original hearing.[9]
 {¶ 12} Accordingly, Goudlock's first and second assigned errors are sustained. We, therefore, remand the matter to the trial court to order the termination of Goudlock's postrelease control.
 {¶ 13} We need not address Goudlock's remaining assigned errors because they are moot.[10]
 {¶ 14} Judgment reversed and remanded to terminate the order of postrelease control. *Page 6 
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, P.J., and MARY J. BOYLE, J., CONCUR.
 APPENDIX Assignments of Error "I. The trial court's addition of postrelease control to appellant's original sentence constituted a double jeopardy violation."
 "II. The trial court's `after-the-fact' imposition of postrelease control violated R.C. 2929.14(F) and R.C. 2967.28."
 "III. The trial court's imposition of postrelease control by video conference violated Crim. R. 43(A) and appellant's due process right to be physically present at every stage of his criminal proceeding."
 "IV. The trial court's imposition of postrelease control by video conference two days before appellant's release after serving a seven-year prison term violated his due process rights." *Page 7 
 "V. The trial court erred in adding postrelease control to appellant's original sentence as the addition was precluded by the doctrine of res judicata when the State failed to appeal the omission of postrelease control from appellant's original sentence."
 "VI. Am. Sub. H.B. 137 violates the one subject provision of the Ohio Constitution and is therefore unconstitutional."
[1] See Appendix.
[2] 114 Ohio St.3d 94, 2007-Ohio-3250.
[3] Id. at 97.
[4] Id. at 96.
[5] 117 Ohio St.3d 420, 2008-Ohio-1197.
[6] Id. at syllabus.
[7] State v. Schneider, Cuyahoga App. No. 8903,. 2007-Ohio-5536;State v. Harris, Cuyahoga App. No. 89128, 2007-Ohio-6850; State v.Patrick, Cuyahoga App. No. 89214, 2007-Ohio-6847; State v Fletcher, Cuyahoga App. No. 89458, 2008-Ohio-320; State v. Lemieux, Cuyahoga App. No. 89678, 2008-Ohio-1253.
[8] We note the issue of whether R.C. 2929.191 is constitutional is currently pending before the Ohio Supreme Court in State v.Mosmeyer, 1st Dist. No. C-060747, 2007-Ohio-1415. SeeState v. Simpkins, supra at FN. 1. Perhaps the Court will also address the practice of using video conferencing, as provided by R.C. 2929.191(C), to conduct a hearing to impose the postrelease control.
[9] Simpkins, supra; Bezak, supra. See, also, State v. Fletcher, supra. State v. Harris, supra; State v. Schneider, supra; State v.Marsh, Cuyahoga App. No. 89281, 2007-Ohio-6491.
[10] App. R. 12(A)(1)(c). *Page 1