JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant-appellant, Kenneth Dresser ("Dresser"), appeals the trial court's imposition of postrelease control to his original sentence. For the reasons that follow, we vacate the sentence and remand the case for resentencing on Counts 39 and 40.
 {¶ 2} In 2000, Dresser pled guilty to two counts of rape and two counts of pandering sexually oriented material involving a minor. The trial court imposed an indefinite sentence of ten years to life on the rape charges and a five-year sentence on the pandering charges. The trial court further provided that the sentences for rape were to run concurrent with each other but consecutive to the five-year sentences for pandering. The trial court failed to impose postrelease control on the pandering counts.[1]
 {¶ 3} In May 2007, the Ohio Bureau of Sentence Computation sent a letter to the trial court notifying it of its failure to advise Dresser of postrelease control at the time of sentencing. The trial court ordered Dresser's return from the penal institution to inform him of postrelease control. In July 2007, the trial court held a hearing at which Dresser and his counsel were present. The trial court did not conduct a de novo sentencing hearing but instead merely advised Dresser that the court was adding five years of postrelease control to his pandering sentences. The trial court *Page 3 
also noted Dresser's objection.
 {¶ 4} Dresser appeals, raising four assignments of error for our review.
 {¶ 5} In the first assignment of error, Dresser argues that the trial court's imposition of postrelease control was in error because it was imposed after he had completed serving his sentence for the pandering charges.
 {¶ 6} Dresser argues that the trial court does not have the jurisdiction to resentence him because he has completed his five-year sentence for pandering. Dresser relies on State v. Bezak,114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, in which the Ohio Supreme Court held that once offenders have served their prison term, they cannot be subject to resentencing in order to correct the trial court's failure to impose postrelease control at the original sentencing hearing.[2]
Dresser claims that because the journal entry from the original sentencing hearing did not state which sentence would be served first, any doubts must be resolved in his favor. He argues that we should find that he had served the pandering sentence first and, since more than five years have passed since the imposition of sentence, his sentence on those charges is complete, and he is not subject to resentencing.
 {¶ 7} The journal entry from the original sentencing states:
 {¶ 8} "The court imposes a prison term at Lorain Correctional Institution of life (parole possible after ten years) as to each of counts one and two [rape counts]; and *Page 4 
five years as to each of counts 39 and 40 [pandering counts]. Counts one and two to run concurrent with each other but consecutive to counts 39 and 40 which are to run concurrent to each other."
 {¶ 9} We find, without any evidence to the contrary, that the trial court sentenced Dresser on the first two counts of rape and then sentenced on the pandering counts. We note that we have no evidence to indicate a different order of terms because Dresser has not provided the original sentencing transcript. Therefore, we find the journal entry from the original sentencing hearing sufficiently dictates the order in which each sentence is to be served. As the Ohio Supreme Court stated, a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense, then consider whether those terms are to be served concurrently or consecutively. State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245.
 {¶ 10} The first assignment of error is overruled.
 {¶ 11} In the second assignment of error, Dresser argues that the trial court erred when it imposed postrelease control without a de novo sentencing hearing. The State concedes this assignment of error.
 {¶ 12} "[W]here a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant." State v. Jordan, 104 Ohio St.3d 21, 23, 2004-Ohio-6085,817 N.E.2d 864. In Bezak, the Ohio Supreme Court held in its syllabus that "[w]hen a defendant is convicted of or *Page 5 
pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense." The Supreme Court recently reaffirmed this holding in State v. Simpkins, 117 Ohio St.3d 420,2008-Ohio-1197.
 {¶ 13} Thus, we are compelled by Jordan, Bezak, and Simpkins to ensure that Dresser, who was not provided with notice of postrelease control at his original sentencing hearing, be afforded a full, de novo sentencing hearing on the pandering charges. See State v. Schneider, Cuyahoga App. No. 89033, 2007-Ohio-5536; State v. Fletcher, Cuyahoga App. No. 89458,2008-Ohio-320; State v. Harris, Cuyahoga App. No. 89128, 2007-Ohio-6850; and State v. Lemieux, Cuyahoga App. No. 89678, 2008-Ohio-1253.
 {¶ 14} Since the trial court in the instant case failed to impose postrelease control as part of Dresser's original sentence, his sentence on the pandering charges is void. Merely advising him that he would be subject to postrelease control upon his release from prison, without conducting a de novo sentencing hearing, is not sufficient.
 {¶ 15} Pursuant to Jordan, Bezak, and Simpkins, a de novo sentencing hearing is required to impose postrelease control in the instant case. Since we find that Dresser is still serving his sentence, the trial court shall resentence him on the pandering charges and add postrelease control to his sentence on Counts 39 and *Page 6 
40.
 {¶ 16} The second assignment of error is sustained.
 {¶ 17} In the third assignment of error, Dresser argues that the trial court's imposition of postrelease control violated his due process rights. In the fourth assignment of error, Dresser argues that the imposition of postrelease control is barred by res judicata.
 {¶ 18} This court has previously rejected these arguments because the trial court retains the authority to correct a void sentence. SeeState v. Patrick, Cuyahoga App. No. 89214, 2007-Ohio-6847. And at oral argument, Dresser's counsel acknowledged that Simpkins controls this issue.
 {¶ 19} Therefore, the third and fourth assignments of error are overruled.
 {¶ 20} Accordingly, the sentences on Counts 39 and 40 are vacated, and the case is remanded for resentencing to include postrelease control.
It is ordered that appellant recover of said appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] Postrelease control has no applicability to the rape counts because they are indefinite sentences which carry a life parole tail. See State v. Linen (Dec. 15, 2000), Cuyahoga App. No. 74070 and 74071; R.C. 2967.28(F)(4).
[2] Dresser also relies on Hernandez v. Kelly, 108 Ohio St.3d 395,2006-Ohio-126, 844 N.E.2d 301, which was superceded by statute. See R.C. 2929.191 and 2967.28(B). *Page 1