JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Darnell Carpenter appeals from the trial court order that sought to impose a period of postrelease control upon him just prior to his release from prison in the underlying criminal case.
 {¶ 2} Carpenter presents five assignments of error in which he argues the trial court's order is improper.[1] Without finding it necessary to address his assignments of error, this court agrees, since the trial court's order was inadequate to either correct its earlier, void sentence or to impose postrelease control upon Carpenter.
 {¶ 3} Since the record reflects Carpenter has served his sentence, and since the trial court's order failed to impose postrelease control, pursuant to State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, Carpenter is not subject to the Ohio Adult Parole Authority and, therefore, he is ordered discharged.
 {¶ 4} Carpenter originally was indicted in the underlying case in August 2002 on four charges: 1) robbery, with a one-year firearm specification and a notice of prior conviction for his August 2001 conviction for felonious assault; 2) having a weapon while under disability; 3) possession of between one and five grams of crack cocaine; and, 4) trafficking in that same amount of crack cocaine.
 {¶ 5} After he obtained discovery from the state, Carpenter entered into a plea agreement, whereby in exchange for his guilty plea to counts one through three, the state *Page 3 
would dismiss the last count and agree to a five-year total sentence. On December 9, 2002 the trial court conducted a plea hearing.
 {¶ 6} During the colloquy, the court informed Carpenter that the potential penalties for his pleas included, inter alia, a period of postrelease control, and, further, that he could be returned to prison if he violated any conditions. The trial court subsequently accepted Carpenter's guilty pleas, found him guilty, and proceeded to sentencing.
 {¶ 7} The court imposed the agreed prison sentence of a total of five years. The court also notified Carpenter that, due to his current convictions, he had violated his postrelease control from his felonious assault conviction, and postrelease control in that case was "terminated."
 {¶ 8} The court, however, said nothing further about the imposition of any postrelease control in the instant case. The court's December 9, 2002 journal entry of sentence mirrored the trial court's statements made on the record at the sentencing hearing. Therefore, the record reflects that the trial court failed actually to impose upon Carpenterany postrelease control, either at the sentencing hearing itself, or in its resulting journal entry of sentence.
 {¶ 9} On July 18, 2007 the state filed a motion in the instant case, noting the foregoing omission and seeking, pursuant to Bezak, a correction to Carpenter's journal entry of sentence. The following day, the trial court issued an order to the prison for Carpenter to be returned to court "for a hearing pursuant to R.C. 2929.191." *Page 4 
 {¶ 10} The proceeding went forward on July 24, 2007. At the outset, the trial court described defense counsel's initial request "for a full resentencing" of his client as, "just ridiculous." Thus, although the court nevertheless permitted defense counsel to place arguments on the record questioning R.C. 2929.191's constitutionality, thereafter, the court merely reviewed the transcript of Carpenter's sentencing hearing, determined that he was provided with notice of postrelease control, and stated:
 {¶ 11} "So, in view of that, Mr. Carpenter, you will be placed on Post Release Control for a period of three years now that you are going to be released from prison today * * *."
 {¶ 12} Despite the defense request, the trial court refused to conduct a full resentencing; rather, the court only referred to the sentence it originally imposed. The resulting journal entry of that hearing states merely: "The court addresse[d] the defendant's post release control."[2]
 {¶ 13} Carpenter has filed his appeal from the foregoing order.[3]
He presents five assignments of error to challenge the trial court's decision that he is subject to postrelease control. *Page 5 
 {¶ 14} However, none of his arguments need to be addressed, because the trial court's order was inadequate to correct its original error. It must first be determined whether the trial court's July 24, 2007 journal entry, which purports to impose postrelease control upon Carpenter, actually accomplished its purpose. This court finds that it does not.
 {¶ 15} In State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, the supreme court reiterated the authority of its decision in State v.Bezak, supra. According to Bezak, when a court fails to notify an offender at the sentencing hearing that he may be subject to postrelease control, the sentence is void. Under such circumstances, the sentence imposed must be vacated, and the matter remanded for a new sentencing hearing; the effect of vacating the original sentence is to place the parties in the same place as if there had been no sentence. Id. at 96-97.
 {¶ 16} This court, therefore, in order "to ensure that an offender who was not provided with notice of postrelease control at the original sentencing hearing" has that error fully corrected, has required a trial court to afford the offender a "full de novo resentencing hearing," rather than a summary one. State v. Marsh, Cuyahoga App. No. 89281,2007-Ohio-6491. *Page 6 
 {¶ 17} The record of this case clearly demonstrates the trial court deemed it unnecessary to hold a full resentencing hearing, and, thus, did not do so. This constituted error. Id.; see also, State v.Goudlock, Cuyahoga App. No. 89963, 2008-Ohio-2938; cf, State v.Graves, Cuyahoga App. No. 90080, 2008-Ohio-3037.
 {¶ 18} The record, however, also reflects Carpenter obtained his release from prison the day the trial court held the R.C. 2929.191
hearing. Once a defendant has completed his sentence, he cannot be subject to resentencing. Bezak, ¶ 18; Simpkins, at the syllabus.
 {¶ 19} Finally, the record demonstrates that, although the trial courtinformed Carpenter at the July 24, 2007 hearing that he would be subject to three years of postrelease control, its journal entry fails toreflect that Carpenter's sentence included postrelease control.
 {¶ 20} The record instead demonstrates the trial court neither noted such a provision in its original journal entry of sentence, nor imposed any postrelease control in its July 24, 2007 journal entry; rather, the journal entry merely states the issue was "addressed." Without a journal entry which imposes valid postrelease control, Carpenter cannot be subject to that requirement. Accordingly, in this particular case, the Ohio Adult Parole Authority has no authority over Carpenter.
 {¶ 21} Under these circumstances, Carpenter must be ordered discharged.
It is ordered that appellant recover from appellee costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 7 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for an order of discharge.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., CONCURS ANTHONY O. CALABRESE, JR., J., DISSENTS (SEE ATTACHED DISSENTING OPINION)
[1] See appendix.
[2] During the pendency of Carpenter's appeal, this court noted the inadequacy of the trial court's July 24, 2007 journal entry, and remanded the case for clarification. The trial court's resulting journal entry after remand states that the court found Carpenter "was advised of postrelease control at the time of the plea * * * taken * * *the same day * * * sentence was imposed."
[3] This court's recent opinion in State v. Swanson, Cuyahoga App. No. 89351, 2008-Ohio-2929, questions the finality for purposes of appellate review of orders similar to the trial court's orders of July 24, 2007 and May 16, 2008, since they do not comply with Crim. R. 32(C). Cf.,State v. Baker, Slip Opinion No. 2008-Ohio-3330, syllabus (a judgment ofconviction must comply with Crim. R. 32(C)). Nevertheless, in view of the trial court's decision to conduct a hearing pursuant to the authority of R.C. 2929.191, its resulting obvious conclusion that Carpenter is subject to postrelease control, and, in view of the fact that, should this court dismiss his appeal, Carpenter would be forced to pursue other avenues in his effort to clarify his status with the Ohio Adult Parole Authority, this court deems it appropriate to accept his appeal and to address the issue he raises.