JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, William Swanson, brings this appeal challenging the trial court's imposition of postrelease control after he had served his prison sentence. Because we find that the court below failed to resentence appellant prior to his release from prison, we vacate the court's order of postrelease control.
 {¶ 2} On May 18, 1998, appellant entered a guilty plea to one count of rape. On June 18, 1998, he was sentenced to nine years in prison. At his original *Page 3 
sentencing hearing, the trial court did not impose postrelease control. Appellant was due to be released from prison on January 1, 2007. On December 28, 2006, the state filed a motion to correct the sentence, asking the trial court to include postrelease control. On December 29, 2006, three days before his nine-year sentence was to end, appellant was returned to court for resentencing; he was represented by counsel from the public defender's office.
 {¶ 3} Appellant's counsel asked for a continuance in order to prepare for the hearing. The trial court granted a continuance until December 31, 2006. Appellant's counsel was present at the hearing on December 31, but appellant was not. The parties agreed that appellant's testimony could be taken by proffer. Appellant indicated he did not think he was subject to postrelease control. He also stated that the Ohio Department of Rehabilitation and Correction had informed him on November 6, 2006 that he was not subject to postrelease control.
 {¶ 4} On January 2, 2007, one day after appellant was released from prison, the trial court ordered the following in its journal entry: "* * * State's motion for correction to the journal entry for judgment of conviction is granted. Defendant informed he is subject to 5 years of post release control; a violation of post release control, the parole board may impose up to one half of the original prison sentence and failure to report to a parole officer while on post release control may result in being charged with escape which is a felony. * * *"
 Final Appealable Order *Page 4 {¶ 5} Appellant cites nine assignments of error in his appeal, however, our ruling on Assignments of Error I and VII renders the remaining issues moot.
 {¶ 6} "I. The trial court's journal entry of January 2, 2007 does not constitute a final appealable order because it does not comply with Crim. R. 32(C).
 {¶ 7} "VII. The journal entry in this case was not entered until after Mr. Swanson was to be released from prison and thus is null and void."
 {¶ 8} First, appellant argues that the trial court's journal entry fails to comply with Crim. R. 32(C) because it does not set forth a finding of guilt and include the entire sentence.[1]]Further, appellant argues that although the trial court held a hearing on the issue of postrelease control the day before he was due to be released from prison, the docket reflects that the judgment entry was journalized the day after he was released. Both issues are critical to our analysis of this appeal.
 {¶ 9} Crim. R. 32(C) states in relevant part: "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. * * * The judge shall sign the judgment entry and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk." *Page 5 
 {¶ 10} When the trial court originally sentenced appellant, it failed to notify him that he would be subject to postrelease control. The state filed a motion to correct the journal entry for judgment of conviction on December 28, 2006, fully aware that appellant was due to be released from prison on January 1, 2007. A hearing on the state's motion was held on December 31, 2006.
 {¶ 11} According to the holding in State v. Bezak, 114 Ohio St.3d 94,2007-Ohio-3250, 868 N.E.2d 961, "when a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence is void. The offender is entitled to a new hearing for that particular offense." Appellant was afforded a resentencing hearing, although it was at the state's request.
 {¶ 12} The trial court, however, failed to comply with Crim. R. 32(C) when it resentenced appellant. Pursuant to the holding in State v.Bashlor, Lorain App. No. 06CA00909, 2007-Ohio-2039, "* * * [Crim. R. 32(C)] also applies to resentencing entries, entered pursuant to R.C. 2929.191, as is the Judgment Entry here, as there is nothing in R.C. 2929.191, or elsewhere, to indicate that resentencing entries do not need to comply with Crim. R. 32(C)."
 {¶ 13} In the case at bar, the journal entry of January 2, 2007 does not include the requisite language setting forth the conviction and the sentence. In fact, it only serves to add postrelease control, but makes no mention of the finding of guilt and *Page 6 
the original prison term imposed on appellant. See, State v. Marsh, Cuyahoga App. No. 89281, 2007-Ohio-6491.
 {¶ 14} Normally, we would dismiss appellant's appeal since the journal entry does not constitute a final, appealable order; however, we decline to do so here for the following reasons.
 {¶ 15} Upon dismissal, the trial court may attempt to correct its January 2, 2007 journal entry to reflect the finding of guilt, the prison term, and the imposition of postrelease control. Yet, appellant has demonstrated that postrelease control is improper because he had completed his prison sentence on January 1, 2007. The trial court's order imposing postrelease control became effective on January 2, 2007, the day after appellant was released from prison.
 {¶ 16} It is too late for the court to impose postrelease control. "Once an offender has served the prison term ordered by the trial court, he or she cannot be subject to resentencing in order to correct the trial court's failure to impose postrelease control at the original sentencing hearing." State v. Marsh, supra, citing Bezak.
 {¶ 17} This rule applies to appellant's situation. By the time the trial court's order imposing postrelease control was journalized on January 2, 2007, appellant had already served the prison term ordered by the trial court. He cannot be subject to resentencing now, even if the trial court intended to include postrelease control at the December 31, 2006 hearing and had done it in compliance with Crim. R. 32(C). *Page 7 
 {¶ 18} Having determined that appellant is not subject to postrelease control, we hold that appellant's remaining assignments of error are moot.
 {¶ 19} We believe appellant raised the issue of a non-final, appealable order in order to preserve his appellate rights. We also believe this argument is in line with his contention that the court did not comply with Crim. R. 32(C). We choose not to dismiss this case for lack of a final, appealable order, but instead vacate the portion of the trial court's entry imposing postrelease control.
Judgment vacated.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., CONCURS; ANTHONY O. CALABRESE, JR., P.J., DISSENTS WITH SEPARATE DISSENTING OPINION
[1] In a somewhat unusual twist, appellant assigns as error that the order from which he appeals is not a final appealable order. Generally an appellant does not raise this issue; either the court sua sponte dismisses cases which lacks a final appealable order or the appellee raises it as a defense. We consider this issue with respect to whether the court complied with Crim. R. 32(C) because it relates specifically to appellant's seventh assignment of error. *Page 8