JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Michael Schneider ("defendant"), challenges the trial court's November 15, 2006 order imposing a period of mandatory postrelease control to his sentence. For the reasons that follow, we reverse and vacate the order of postrelease control.
 {¶ 2} It is agreed that defendant was not properly advised of postrelease control when he was sentenced for his conviction of a first-degree felony sex offense in 2000. Two days prior to defendant's scheduled release from prison, the State moved the court to correct the journal entry of defendant's sentence pursuant to R.C. 2929.191.
 {¶ 3} Over defendant's objection, the trial court notified defendant through a videoconference that it was going to follow R.C. 2929.191 and add a five-year period of postrelease control to his sentence. The trial court stayed the application of postrelease control pending this appeal.
 {¶ 4} "I. The trial court's addition of postrelease control to appellant's original sentence constituted a double jeopardy violation."
 {¶ 5} One of defendant's arguments under this assignment of error is that "a sentence without postrelease control is void and the only remedy is to conduct a de novo sentencing hearing."
 {¶ 6} A review of the applicable law indicates that this portion of defendant's argument is meritorious and is therefore sustained for the reasons set forth below. *Page 4 
 {¶ 7} R.C. 2967.28(B)(1) required the imposition of a mandatory five-year period of postrelease control for defendant's convictions. The General Assembly intended "to require all sentencing trial courts in this state to include postrelease control as part of the sentence for every incarcerated offender." State v. Jordan, 104 Ohio St.3d 21,2004-Ohio-6085. In Jordan, the Ohio Supreme Court held:
 {¶ 8} "1. When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence.
 {¶ 9} "2. When a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing." Id. at syllabus.
 {¶ 10} When a trial court fails its statutory duty to impose a mandatory period of postrelease control at sentencing, it has exceeded its authority and the sentence is void. Id. Jeopardy does "not attach to the void sentence, and, therefore, the court's imposition of the correct sentence [does] not constitute double jeopardy." Id. at 28.
 {¶ 11} Recently, the Ohio Supreme Court determined that when a sentence is void for lack of postrelease control notification, the court must conduct a de novo *Page 5 
sentencing hearing and not merely advise the offender of the postrelease control conditions. State v. Bezak, 114 Ohio St.3d 94,2007-Ohio-3250.[1] A void sentence is one where the "`judgment is a mere nullity and the parties are in the same position as if there had been no judgment.'" Id., quoting, Romito v. Maxwell (1967),10 Ohio St.2d 266. But, once an offender has already served the prison term ordered by the trial court, he or she cannot be subject to resentencing in order to correct the trial court's failure to impose postrelease control at the original sentencing hearing. Bezak, 2007-Ohio-3250, ¶ 18.
 {¶ 12} Here, the State relies on the provisions of R.C. 2929.191 that became effective on July 11, 2006 and provide in relevant part as follows:
 {¶ 13} "(A) (1) If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type described in division (B)(3)(c) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code, at any time before the offender is released from imprisonment under that term and at a hearing conducted in *Page 6 
accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison.
 {¶ 14} "* * *
 {¶ 15} "(2) If a court prepares and issues a correction to a judgment of conviction as described in division (A)(1) of this section before the offender is released from imprisonment under the prison term the court imposed prior to the effective date of this section, the court shall place upon the journal of the court an entry nunc pro tunc to record the correction to the judgment of conviction and shall provide a copy of the entry to the offender or, if the offender is not physically present at the hearing, shall send a copy of the entry to the department of rehabilitation and correction for delivery to the offender. If the court sends a copy of the entry to the department, the department promptly shall deliver a copy of the entry to the offender. The court's placement upon the journal of the entry nunc pro tunc before the offender is released from imprisonment under the term shall be considered, and shall have the same effect, as if the court at the time of original sentencing had included the statement in the sentence and the judgment of conviction entered on the journal and had notified the offender that the offender will be so supervised regarding a sentence including a prison term of a type described in division (B)(3)(c) of section 2929.19 of the Revised Code or that the offender may be so supervised *Page 7 
regarding a sentence including a prison term of a type described in division (B)(3)(d) of that section.
 {¶ 16} "* * *
 {¶ 17} "(C) On and after the effective date of this section, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction."
 {¶ 18} In this case, defendant appeared at the hearing, over his objection, through video conferencing equipment. *Page 8 
 {¶ 19} While the trial court followed the statutory law contained in R.C. 2929.191, it did not conduct a de novo sentencing hearing as required by the dictates of Bezak. Accord, State v. Bond, Hamilton App. No. C-060611, 2007-Ohio-4194.
 {¶ 20} In Bond, as here, the offender was returned to court many years after his initial sentencing and pursuant to R.C. 2929.191 in order to correct his sentence to include a period of postrelease control. As here, the trial court did not conduct a new sentencing hearing. Instead, it "personally informed Bond of postrelease control, ordered mandatory postrelease control for a five-year period, and ended the hearing" and later journalized an entry to that effect. In the meantime, Bond's prison term expired. The Hamilton County appellate court terminated the postrelease control for failure to conduct a de novo sentencing hearing as required by Bezak.
 {¶ 21} In this case, defendant was not properly advised of mandatory postrelease control at his original sentencing in 2000; therefore, the trial court exceeded its authority and the sentence was void pursuant toJordan. The trial court did not conduct a de novo sentencing hearing to correctly impose postrelease control before the expiration of defendant's prison term as required by Bezak. Accordingly, the trial court's order in this case dated November 15, 2006 adding postrelease control to defendant's original sentence must be vacated. As defendant's term of postrelease control was stayed by the trial court and we have *Page 9 
vacated the order imposing it, the remaining assignments of error are overruled as moot. App.R. 12.
Judgment reversed and order of postrelease control is vacated.
It is ordered that appellant recover from appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., and MELODY J. STEWART, J., CONCUR.
[1] Holding "When a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense." *Page 1