{¶ 1} Appellant, Robert Lemieux, appeals the March 12, 2007 order of the Cuyahoga County Court of Common Pleas imposing a three-year period of postrelease control to his sentence. For the reasons that follow, we reverse and vacate the order of postrelease control and remand the matter to the trial court to order appellant's postrelease control terminated.
 {¶ 2} On July 8, 1999, appellant pleaded guilty to one count of felonious assault with a one-year firearm specification. On August 9, 1999, the trial court sentenced appellant to seven years in prison on the assault conviction and ordered the one-year sentence on the firearm specification be served consecutively. The trial court did not impose a period of postrelease control as part of the sentence. The sentencing entry states only: "The sentence includes any extensions provided by law."
 {¶ 3} On March 12, 2007, the day before appellant's scheduled release from prison, the state filed a "State's Motion for Correction to the Journal Entry for Judgment of Conviction," asking the court to correct the record pursuant to R.C. 2929.191 to reflect the imposition of the mandatory period of postrelease control. Due to appellant's impending release, the trial court held a hearing on that motion the same day.
 {¶ 4} Appellant, in prison awaiting his release, appeared at the hearing by video conference and was represented by counsel appointed that morning from the *Page 4 
public defender's office. Appellant's counsel objected to the use of the video conference. However, when questioned by the court, appellant waived his right to be physically present in court. Appellant then, through counsel, objected to the hearing to correct the record and to the timing of the hearing, claiming a number of constitutional infirmities.
 {¶ 5} Over appellant's objection, the court notified appellant that "based upon the crime to which you entered a plea of guilty, you will be placed on post-release control, sir, for a period of five years after your release tomorrow." The court journalized an entry that contained language stating, "post-release control is part of defendant's prison sentence for 3 years for the felony under R.C. 2967.28." Notably, both at the hearing and in the journal entry, the trial court failed to state the offense appellant pleaded guilty to in 1999 and failed to impose a new term of imprisonment.
 {¶ 6} Appellant raises five assignments of error for our review, all challenging the imposition of postrelease control. Appellant's first assignment is dispositive.
 {¶ 7} "I. The trial court's addition of post-release control to appellant's original sentence constituted a double jeopardy violation."
 {¶ 8} One of defendant's arguments in support of this assignment of error is that "a sentence without post-release control is void and the only remedy is to conduct a de novo sentencing hearing." We recently considered this precise issue *Page 5 
in State v. Schneider, Cuyahoga App. No. 89033, 2007-Ohio-5536, and found appellant's argument to be meritorious in part.
 {¶ 9} The state counters that the imposition of postrelease control in this case is a proper application of R.C. 2929.191 as a remedy for appellant not having been properly placed on postrelease control when sentenced in 1999. Without conceding any of its arguments, the state recognizes that Schneider applies to the facts of this case.
 {¶ 10} In Schneider, we determined that under the Ohio Supreme Court decisions in State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, andState v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, a de novo sentencing hearing is required to impose postrelease control sanctions in cases where the original sentencing entry failed to do so.[1]
 {¶ 11} In Jordan, the supreme court held that when a trial court fails in its statutory duty to impose a mandatory period of postrelease control at sentencing, it has exceeded its authority and the sentence is void. The void sentence must be vacated and the matter remanded to the trial court for resentencing. Jordan, 104 Ohio St.3d 21, paragraph 2 of the syllabus. *Page 6 
 {¶ 12} In Bezak, the supreme court stated it was following its holding in Jordan, and held that, "when a trial court fails to notify an offender that he may be subject to post-release control at a sentencing hearing, as required by former R.C. 2929.19(B)(3), the sentence is void; the sentence must be vacated and the matter remanded to the trial court for resentencing. The trial court must resentence the offender as if there had been no original sentence." Bezak, 114 Ohio St.3d 94,2007-Ohio-3250, at ¶ 16.
 {¶ 13} We held in Schneider that because the defendant was not properly advised of mandatory postrelease control at his original sentencing, the trial court exceeded its authority and the sentence was void pursuant to Jordan. The only remedy was to resentence defendant. However, because the trial court did not conduct a de novo sentencing hearing to correctly impose postrelease control before the expiration of defendant's prison term as required by Bezak, the trial court's order adding postrelease control to the original sentence had to be vacated.
 {¶ 14} In the instant case, it is not disputed that the trial court failed to properly impose the mandatory term of postrelease control when it sentenced appellant in August 1999. That sentence is therefore void. The trial court had the authority to correct its void sentence.State v. Beasley (1984), 14 Ohio St.3d 74. To correct the error, the void sentence has to be vacated and appellant resentenced at a de novo sentencing hearing. Jordan and Bezak, supra. *Page 7 
 {¶ 15} The March 12, 2007 hearing was not a de novo sentencing hearing. No new sentence of imprisonment was imposed. That entry is therefore also void and must be vacated. As appellant has served his sentence and is no longer incarcerated, he is not subject to resentencing. Bezak. There is no valid order subjecting appellant to postrelease control. Unlike in Schneider, the trial court in the instant case refused appellant's request to stay application of postrelease control. Therefore, in addition to vacating the March 12, 2007 order, we remand this matter to the trial court with instructions to enter an order upon the record terminating appellant's postrelease control.
 {¶ 16} This cause is reversed and remanded for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and ANN DYKE, J., CONCUR
[1] See, also, State v. Fletcher, Cuyahoga App. No. 89458,2008-Ohio-320; State v. Marsh, Cuyahoga App. No. 89281, 2007-Ohio-6491;State v. Harris, Cuyahoga App. No. 89128, 2007-Ohio-6850. *Page 1