JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Luis Arroyo ("defendant"), challenges the trial court's imposition of mandatory postrelease control during a resentencing hearing held prior to his release from prison. For the reasons that follow, we affirm.
 {¶ 2} We will address defendant's assignments of error in the order asserted and together where it is appropriate for discussion.
 {¶ 3} "I. The trial court erred in failing to follow R.C. 2929.191
when it added postrelease control to appellant's original sentence."
 {¶ 4} Defendant essentially concedes that State v. Schneider, Cuyahoga App. No. 89033, 2007-Ohio-5536, [1] renders this assignment of error without merit. In Schneider, the defendant maintained that the imposition of postrelease control pursuant to R.C. 2929.191 (and without conducting a de novo sentencing hearing) violated his constitutional rights and was contrary to law. Applying State v. Bezak,114 Ohio St.3d 94, 2007-Ohio-3250, this Court held that when the provisions of R.C. 2929.191 are invoked, the trial court must conduct a de novo sentencing hearing before the offender's prison sentence expires in order to properly impose a term of postrelease control that was absent from the original sentence. Schneider, 2007-Ohio-5536, ¶ 21.[2] Defendant herein is now advocating the opposite result, *Page 4 
arguing in this instance that the trial court exceeded its authority by conducting a de novo sentencing hearing rather than simply limiting the hearing to an imposition of postrelease control. Pursuant toSchneider, the trial court must abide not only by R.C. 2929.191, which confers jurisdiction to impose postrelease control post-sentencing and after the time for a State's appeal has expired, but must also conduct a de novo sentencing hearing to comport with Bezak.
 {¶ 5} Assignment of Error I is overruled.
 {¶ 6} "II. The trial court erred in sentencing appellant without affording him his right of allocution under Criminal Rule 32(A)(1)."
 {¶ 7} Crim. R. 32(A) provides that "before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant and also shall address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present anyinformation in mitigation of punishment." (Emphasis added.)
 {¶ 8} "[A] trial court's failure to address the defendant at sentencing is not prejudicial in every case." State v. Campbell,90 Ohio St.3d 320, 325, citing State v. Reynolds (1997), 80 Ohio St.3d 670, 1372
(finding an omission of allocution harmless error because the defendant had made an unsworn statement to the jury and sent a letter to the judge, and defense counsel had made a statement to the judge on the defendant's behalf).
 {¶ 9} Here, it is uncontested that defendant's convictions statutorily required the imposition of postrelease control and that the original sentence omitted this mandatory *Page 5 
component of his sentence. It is equally without dispute that on the date of resentencing, defendant was already scheduled to be released. Furthermore, defendant does not dispute the State's representation that he had on previous occasions addressed the court, including by way of a motion for judicial release. The error of the court by not personally addressing defendant or inquiring whether he wished to speak in mitigation at this sentencing is harmless considering all of the facts. Nothing he could have said would have changed the inevitable; defendant was nearly finished serving his prison term and the trial court had no discretion but to impose the mandatory postrelease control component of defendant's sentence.
 {¶ 10} Assignment of Error II is overruled.
 {¶ 11} "III. The trial court's imposition of postrelease control after appellant had served ten years of a ten-year sentence violated his due process rights.
 {¶ 12} "IV. The trial court's addition of postrelease control to appellant's original sentence constituted a double jeopardy violation.
 {¶ 13} "V.[3] The trial court erred and violated Hernandez v.Kelly by imposing postrelease control on appellant on the day he completed serving his prison sentence. *Page 6 
 {¶ 14} "VI. The trial court erred in adding postrelease control to appellant's original sentence as the addition was precluded by the doctrine of res judicata when the State failed to appeal the omission of postrelease control from appellant's original sentence."
 {¶ 15} These assignments of error are overruled pursuant to State v.Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, which specifically addressed and rejected them. Id., ¶¶ 30, 37 (res judicata does not apply to a void sentence, there is no reasonable, legitimate expectation in the finality of a void sentence and resentencing does not offend the double jeopardy or due process clauses).
 {¶ 16} Assignments of Error III, IV, V, and VI are overruled.
 {¶ 17} "VII. Appellant was constructively denied the right to counsel as provided by the Sixth Amendment."
 {¶ 18} Defendant contends he was "constructively" denied the effective assistance of counsel during his resentencing hearing. Defendant maintains that the Sixth Amendment right to counsel was offended by the fact that he first met his attorney on the day of the hearing. He argues this placed unreasonable constraints on his attorney, who could not seek "mitigation evidence" for purposes of the resentencing, where he faced both the potential of additional prison time and the inclusion of mandatory postrelease control.
 {¶ 19} To establish a claim of ineffective assistance of counsel, defendant must show two components: (1) "`that counsel's performance was deficient' and (2) `that the deficient performance prejudiced the defense.'" State v. Kole, 92 Ohio St.3d 303, 2001-Ohio-191, *Page 7 
quoting Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052. However, appellate review of counsel's performance must be highly deferential. Id. There is a strong presumption that counsel's performance constituted reasonable assistance. State v. Foust,105 Ohio St.3d 137, 151, 2004-Ohio-7006, ¶ 79.
 {¶ 20} Defendant has failed to establish an ineffective assistance of counsel claim.
 {¶ 21} The State did not seek nor did the trial court impose any additional prison time. The trial court simply reimposed the same sentence defendant originally received with the sole addition of the mandatory postrelease control term. The addition of postrelease control was not discretionary and defendant's counsel raised numerous objections to its imposition. Accordingly, any concern about a lack of time to gather mitigation evidence is entirely moot. Defendant has failed to cite to or demonstrate any deficiency in counsel's performance and correspondingly cannot establish any prejudice to him as a result of any deficiency.
 {¶ 22} Assignment of Error VII is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for execution of sentence. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., and CHRISTINE T. McMONAGLE, J., CONCUR
[1] The Ohio Supreme Court has recently clarified that a trial court's failure to impose mandatory postrelease control during sentencing is contrary to law and results in a "void" (rather than a "voidable") sentence. State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶¶ 13-21.
[2] Accord, Simpkins, supra.
[3] The record reflects that defendant was still incarcerated on his original sentence at the time of resentencing. *Page 1