JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Amjad Dayem appeals the trial court's August 30, 2007 sentencing judgment. We reverse.
 {¶ 2} Dayem pleaded guilty in 1997 to aggravated robbery with a one-year firearm specification. He was sentenced in 1998 to nine years on the aggravated robbery, and one year for the firearm specification, to be served consecutively. The sentencing entry did not mention postrelease control.
 {¶ 3} Upon the State's motion and after a hearing, Dayem was resentenced in August 2007 to the same ten-year sentence and a mandatory five years of postrelease control. He raises six assignments of error relative to his resentencing.
 {¶ 4} In his first assignment of error, Dayem contends that the trial court erred by failing to follow R.C. 2929.191 when it added postrelease control to his sentence.
 {¶ 5} R.C. 2929.191, effective July 2006, provides that a sentencing court may correct a sentence, issued before the statute's effective date, that failed to notify the offender that he will be supervised under postrelease control when he is released from prison "at any time before the offender is released from imprisonment under that term and at a hearing[.]" R.C. 2929.191(A)(1). R.C. 2929.191(A)(2) provides that if the court corrects such a sentence, it "shall place *Page 2 
upon the journal of the court an entry nunc pro tunc to record the correction to the judgment of conviction[.]"
 {¶ 6} It is Dayem's contention that "[t]he trial court is directed to make [the] `correction' with a `nunc pro tunc' journal entry[,]" and that the hearing contemplated by R.C. 2929.191 "is expressly limited to a determination of whether the nunc pro tunc entry adding post-release control should issue." Dayem thus contends that the trial court erred by conducting a de novo sentencing hearing.
 {¶ 7} In State v. Schneider, Cuyahoga App. No. 89033, 2007-Ohio-5536, this court held:
 {¶ 8} "Recently, the Ohio Supreme Court determined that when a sentence is void for lack of postrelease control notification, the court must conduct a de novo sentencing hearing and not merely advise the offender of the postrelease control conditions. State v. Bezak,114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. A void sentence is one where the judgment is a mere nullity and the parties are in the same position as if there had been no judgment.' Id., quoting Romito v. Maxwell
(1967), 10 Ohio St.2d 266, 227 N.E.2d 223. But, once an offender has already served the prison term ordered by the trial court, he or she cannot be subject to resentencing in order to correct the trial court's failure to impose postrelease control at the original sentencing *Page 3 
hearing. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, ¶ 18,868 N.E.2d 961." (Footnote omitted.) Schneider at ¶ 11.
 {¶ 9} Based on the authority of Bezak and Schneider, the first assignment of error is overruled.
 {¶ 10} For his second and third assignments of error, Dayem contends that the imposition of postrelease control after he had almost served his entire sentence violated the Due Process and Double Jeopardy Clauses of the United States Constitution. More specifically, Dayem argues that his constitutional rights were violated because his "expectation of finality in his original sentence" was thwarted when he was resentenced with only one day left to serve of his sentence.
 {¶ 11} The Ohio Supreme Court rejected this argument, however, inState v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 37. This court also addressed this issue in Schneider, supra:
 {¶ 12} "When a trial court fails its statutory duty to impose a mandatory period of postrelease control at sentencing, it has exceeded its authority and the sentence is void. Jeopardy does `not attach to the void sentence, and, therefore, the court's imposition of the correct sentence [does] not constitute double jeopardy.'" Schneider at ¶ 10, citing and quoting State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085,817 N.E.2d 864. *Page 4 
 {¶ 13} Based on the authority of Simpkins, Schneider, andJordan, the second and third assignments of error are overruled.
 {¶ 14} For his fourth assignment of error, Dayem contends that the trial court's "after-the-fact" imposition of postrelease control violated the governing statutes, R.C. 2929.14(F) and 2967.28, because it circumvented the purpose of allowing him to know at the time of sentencing precisely what his sentence was. Dayem cites Hernandez v.Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, in support of his argument.
 {¶ 15} In Hernandez, the Ohio Supreme Court held that postrelease control may not be imposed upon a defendant "in the absence of appropriate notification of post-release control by the trial court and incorporation of post-release control in its sentencing entry." Id. at 401. But the General Assembly amended the Revised Code, negating the holding of Hernandez.
 {¶ 16} "Hernandez has been superceded by statute. State v. Baker, Hamilton App. No. C-050791, 2006-Ohio-4902, fn. 5; R.C. 2929.191; R.C. 2967.28(B), as amended, effective July 11, 2006[.] * * * The effect of those amendments to the law, specifically as they relate to sanctions for alleged post-release control violations, are relevant to appellant's argument.
 {¶ 17} "According to Section 5(A) of Am. Sub. H.B. 137, R.C. 2929.191
was enacted for the purpose of `reaffirm[ing] that, under the amended sections [of the Ohio Criminal Code] as they existed prior to [July 11, 2006]: by operation of *Page 5 
law and without any need for prior notification or warning, every convicted offender sentenced to a prison term * * * for [certain offenses] * * * always is subject to a period of post-release control after the offender's release from imprisonment pursuant to and for the period of time described in division (B) of section 2967.28 of the Revised Code; * * *.' Section (B) of Am. Sub. H.B. 137 states the enactment and its related statutory amendments were intended as `remedial in nature.'
 {¶ 18} "The statutory provisions thus were meant to supercedeHernandez. The law now permits an offender to be placed under post-release control regardless of the trial court's failure to inform him of that possibility. State v. Baker, supra at fn. 5. Laws of a remedial nature may be applied retroactively. EPI of Cleveland v.Limbach (1989), 42 Ohio St.3d 103, 537 N.E.2d 651." State v.Fitzgerald, Cuyahoga App. No. 86443, 2006-Ohio-6575, at ¶ 41-43.
 {¶ 19} In light of the above, the fourth assignment of error is overruled.
 {¶ 20} In his fifth assignment of error, Dayem contends that the court erred by adding postrelease control to his sentence because it was precluded from doing so under the doctrine of res judicata. More specifically, appellant argues that because the State failed to appeal the original sentence, res judicata should have prevented it from collaterally challenging the sentence with a post-appeal motion. *Page 6 
 {¶ 21} The Ohio Supreme Court recently addressed this issue inSimpkins, supra. After an exhaustive analysis of the distinction between "void" and "voidable" judgments (id. at ¶ 11-23), and after concluding that "a court's failure to impose a sentence as required by law" renders the sentence "void" (id. at ¶ 13), the Court held:
 {¶ 22} "Although res judicata applies to a voidable sentence and may operate to prevent consideration of a collateral attack based on a claim that could have been raised on direct appeal from the voidable sentence,State v. Perry (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, we have not applied res judicata to cases in which the sentence was void. We decline to do so now. `[W]here no statutory authority exists to support a judgment, res judicata does not act to bar a trial court from correcting the error.' State v. Ramey, Franklin App. No. 06AP-245,2006-Ohio-6429, ¶ 12. See, also, State v. Barnes, Portage App. No. 2006-P-0089, 2007-Ohio-3362, ¶ 49-51 (same); State v. Rodriguez (1989),65 Ohio App.3d 151, 154, 583 N.E.2d 347 (Quillin, J., dissenting) (`A void judgment can be attacked in post-conviction relief proceedings even if the matter could have been, but was not, raised on direct appeal. If the appellants' sentences are void, the doctrine of res judicata is inapplicable')." Simpkins at ¶ 30.
 {¶ 23} Accordingly, the fifth assignment of error is overruled. *Page 7 
 {¶ 24} Finally, Dayem contends that the trial court erred by not permitting him to obtain counsel of his choice. We agree.
 {¶ 25} The record before us demonstrates that the State's motion for correction of the sentence was filed on August 21, 2007, and the hearing was held on August 30, the day before Dayem was scheduled to be released. At the hearing, Dayem, who was represented by the Cuyahoga County Public Defender's Office, asked the court for a continuance so that he could hire counsel.
 {¶ 26} When questioned why he wanted to hire an attorney, Dayem responded, "I feel more comfortable with a paid attorney." Dayem also told the court that, in the week between the time he learned of the hearing and the hearing, he talked to his brother about retaining an attorney, but his brother did not have access to Dayem's bank accounts to pay an attorney.[1]
 {¶ 27} We consider a trial court's ruling on a motion for continuance under an abuse of discretion standard. State v. Unger (1981),67 Ohio St.2d 65, 67, 423 N.E.2d 1078; State v. Crebs (1987), 42 Ohio App.3d 50,51, 536 N.E.2d 52. An abuse of discretion means more than an error of law or judgment; it implies that *Page 8 
the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 28} We recognize that a defendant's fundamental Sixth Amendment right to counsel must be weighed against the need for efficient and effective administration of criminal justice. See State v. Hook (1986),33 Ohio App.3d 101, 103. However, in United States v.Gonzalez-Lopez (2006), 548 U.S. 140, 126 S.Ct. 2557, 165 L.Ed.2d 409, the United States Supreme Court held that a court's deprivation of a criminal defendant's choice of counsel entitles him to a reversal of his conviction. The court further held that appellate review of the court's decision to remove counsel is not subject to a harmless-error analysis, and stated "that the erroneous deprivation of the right to counsel of choice `with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as structural error.'" Id. at 150, quoting Sullivan v. Louisiana (1993), 508 U.S. 275, 113 S.Ct. 2078,124 L.Ed.2d 182.
 {¶ 29} Structural errors are constitutional errors that defy analysis by "harmless error" standards because they affect the framework in which the trial proceeds, rather than just being error in the trial process itself. Gonzalez-Lopez at 148. Structural error permeates the entire conduct of a trial so that the trial cannot reliably serve its function as a means for determining guilt or innocence. Arizona v.Fulminante (1991), 499 U.S. 279, 309-310, 111 S.Ct. 1246, *Page 9 113 L.Ed.2d 302. A structural error mandates a finding of "per se prejudice." State v. Colon, 118 Ohio St.3d 26, 30, 2008-Ohio-1624,885 N.E.2d 917, and results in "automatic reversal." State v. Payne,114 Ohio St.3d 502, 505, 2007-Ohio-4642, 873 N.E. 2d 306.
 {¶ 30} In this case, Dayem sought a continuance on the day of the hearing, and a day before he was set to be released. As previously mentioned, R.C. 2929.191(A)(1) provides that a defendant's sentence that did not include postrelease control may be corrected "at any time before the offender is released from imprisonment under that term and at a hearing[.]" In maintaining that the trial court properly denied Dayem's motion for a continuance, the State notes that if the trial court had granted his request, the court would have been precluded from sentencing him to postrelease control. While the State's assertion is true, in light of Gonzalez-Lopez, we do not find it compelling.
 {¶ 31} Rather, on this record, the trial court abused its discretion by denying Dayem's motion for a continuance. We note in particular that Dayem was not at fault in any way for the circumstance in this case; he bore no responsibility for either the lack of a sentence to postrelease control at the first sentencing or the "eleventh-hour" re-sentencing. Moreover, Dayem informed the court that he felt "more comfortable with a paid attorney," and that he had tried to arrange retaining an attorney in the one-week period between when he *Page 10 
learned of the re-sentencing and the hearing. Further, the record demonstrates that during the pendency of this case in the trial court, Dayem, in fact, had retained three different attorneys to represent him.
 {¶ 32} We note that this decision is not in conflict with a recent decision from this court, State v. Hunter, Cuyahoga App. No. 89796,2008-Ohio-3793. In Hunter, the defendant's seven-year sentence was vacated and the case remanded on the authority of State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. The defendant was appointed an attorney one hour before the re-sentencing hearing. The defendant claimed that his Sixth Amendment right to counsel had been violated.
 {¶ 33} This court, however, found no Sixth Amendment violation, and among other reasons, noted that neither counsel nor the defendant objected and requested a continuance. Hunter at ¶ 5. The lack of objection in the Hunter case is the key distinguishing factor from this case. Not only did Dayem object, as previously discussed, he informed the court that, in the short period of time that he knew about the re-sentencing hearing, he had attempted to hire an attorney, and the record demonstrates that, in fact, he had previously retained three attorneys on this case. *Page 11 
 {¶ 34} Based on this record, the court abused its discretion in denying Dayem's request for a continuance and the sixth assignment of error is well taken.
Judgment reversed and case remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., CONCURS ANN DYKE, J., CONCURS IN JUDGMENT ONLY.
[1] The record demonstrates that Dayem had three different retained attorneys at various times during the pendency of this case in the trial court. *Page 1