JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Olan Lucas, appeals from the Cuyahoga County Court of Common Pleas, which held a new sentencing hearing and added five years of post-release control ("PRC") to Lucas's original sentence. Finding no error in the proceedings below, we affirm.
 {¶ 2} On April 27, 1998, Lucas pled guilty to several counts of rape and agreed to serve ten years in prison. The trial court did not impose the mandatory five years of PRC, and the state never appealed the omission.
 {¶ 3} On September 11, 2007, the trial court, sua sponte, held a new sentencing hearing. The trial court held a de novo sentencing hearing, imposing the same ten-year sentence but adding five years of PRC.
 {¶ 4} Lucas appeals, advancing five assignments of error for our review. His first assignment of error states the following:
 {¶ 5} "The trial court erred in failing to follow R.C. 2929.191 when it added post-release control to appellant's original sentence."
 {¶ 6} Lucas argues that the trial court exceeded its authority when it conducted a de novo sentencing hearing instead of issuing a nunc pro tunc journal entry adding PRC pursuant to R.C. 2929.191.
 {¶ 7} Recently, in State v. Simpkins, 117 Ohio St.3d 420,2008-Ohio-1197, the Ohio Supreme Court held that "[i]n cases in which a defendant is convicted of, or pleads guilty to, an offense for which post-release control is required but not properly *Page 2 
included in the sentence, the sentence is void and the state is entitled to a new sentencing hearing in order to have post-release control imposed on the defendant unless the defendant has completed his sentence."
 {¶ 8} Since Lucas had not completed his sentence, and since his sentence was void, the court had the authority to conduct a de novo sentencing hearing.
 {¶ 9} Lucas's first assignment of error is overruled.
 {¶ 10} Lucas's second and third assignments of error state the following:
 {¶ 11} "The trial court's imposition of post-release control after appellant had served over eight years of a ten-year sentence violated his due process rights."
 {¶ 12} "The trial court's addition of post-release control to appellant's original sentence constituted a double jeopardy violation."
 {¶ 13} Under these two assignments of error, Lucas argues that because he had served almost his entire ten-year term, resentencing him violated the Due Process and the Double Jeopardy Clauses of the United States Constitution. Specifically, Lucas contends that he had an expectation of finality with his original sentence, which expectation was violated when he was resentenced a few months before he was scheduled to be released.
 {¶ 14} The Ohio Supreme Court rejected this argument inSimpkins, supra, finding that there is no legitimate expectation of finality in an unlawful sentence. A court's failure to impose a sentence as required by law, like a mandatory term of PRC, is null and void, and must be vacated. Id. The effect of vacating a sentence *Page 3 
puts the parties in the same position as they were before the sentencing. Id., citing State v. Bezak, 114 Ohio St.3d 94,2007-Ohio-3250. See, also, State v. Schneider, Cuyahoga App. No. 89033,2007-Ohio-5536.
 {¶ 15} Because Lucas's sentence was issued without the authority of law, he did not have a legitimate expectation of finality in his sentence. Accordingly, he could be resentenced without offending the Double Jeopardy or Due Process Clauses. Lucas's second and third assignments of error are overruled.
 {¶ 16} Lucas's fourth assignment of error states the following:
 {¶ 17} "The trial court's `after-the-fact' imposition of post-release control violated R.C. 2929.14(F) and R.C. 2967.28."
 {¶ 18} Lucas contends that imposing PRC "after-the-fact" circumvents the objective behind R.C. 2929.14(F) and R.C. 2967.28, which is to notify defendants at sentencing that their liberty would continue to be restrained through PRC after serving their initial sentences. We find no merit to this argument.
 {¶ 19} The Ohio Supreme Court has consistently held that when a trial court fails to inform a defendant of PRC at sentencing, the sentence is void and must be vacated and remanded for a new sentencing hearing. SeeState v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085; Bezak, supra;Simpkins, supra. When a sentence is vacated, the parties are put in the same position as they were before sentencing. As a result, imposing PRC at the new sentencing hearing accomplishes the preeminent purpose of R.C. 2929.14(F) and R.C. 2967.28. *Page 4 
 {¶ 20} Accordingly, Lucas's fourth assignment of error is overruled.
 {¶ 21} Lucas's fifth assignment of error states the following:
 {¶ 22} "The trial court erred in adding post-release control to appellant's original sentence as the addition was precluded by the doctrine of res judicata when the state failed to appeal the omission of post-release control from appellant's original sentence."
 {¶ 23} Lucas asserts that because the state failed to appeal Lucas's original sentence, res judicata prevents the state from collaterally challenging Lucas's sentence.
 {¶ 24} Again, this same issue was addressed in Simpkins. The Ohio Supreme Court stated that res judicata does not apply when a sentence is void. Since Lucas's sentence was void, res judicata is inapplicable. Accordingly, Lucas's fifth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 5 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 PATRICIA ANN BLACKMON, J., and MELODY J. STEWART, J., CONCUR *Page 1