[Cite as *State v. McCollins*, 2011-Ohio-2398.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   95486

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LAWRENCE McCOLLINS

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-441307

BEFORE:   E. Gallagher, J., Blackmon, P.J., and Celebrezze, J.

RELEASED AND JOURNALIZED:   May 19, 2011

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Public Defender
BY:   Erica B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Thorin O. Freeman
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


EILEEN A. GALLAGHER, J.:

{¶ 1}  Lawrence McCollins ("McCollins") appeals from the trial court's resentencing.  McCollins  argues  the  trial  court  erred  when  it  failed  to acquire  a  waiver  of  Crim.R.  43(A)  before  imposing  postrelease  control  via video conference, and when it failed to re-afford him the right of allocution. For the following reasons, we affirm the decision of the trial court.

{¶ 2}  On August 20, 2003, a Cuyahoga County Grand Jury charged

McCollins with two counts of rape involving a child under the age of 13 and two counts of kidnapping with sexual motivation specifications. The charges stemmed from an incident that occurred on July 7, 2003. On September 23, 2003, McCollins pleaded guilty to one count of rape, with the element of force language removed; the trial court dismissed all other charges. On October 31, 2003, the trial court imposed a seven-year prison sentence. The court found McCollins to be a sexually oriented offender and indicated "that post release control is part of this prison sentence for the maximum period allowed for the above felony(s) under R.C. 2967.28."

{¶ 3} On July 1, 2010, approximately 36 hours prior to his scheduled release from prison, the trial court conducted a new sentencing hearing. McCollins appeared by video conference from Lebanon Correctional Institution and the trial court sentenced him to the same seven year term of incarceration. The court then advised McCollins of the five-year, mandatory, postrelease control that would be imposed upon him. The trial court found McCollins to be a sexually oriented offender and advised him of the applicable sex offender requirements, before concluding the proceedings and wishing him luck.

{¶ 4} McCollins appeals from the order of resentencing, raising the two assignments of error contained in the appendix to this opinion.

{¶ 5}  In his first assignment of error, McCollins argues that the trial court's imposition of postrelease control by video conference violated Crim.R. 43(A) and his due process right to be physically present at every stage of his criminal proceeding.  McCollins further argues that, although R.C. 2929.191(C) permits the offender to appear at the hearing by video conference upon the motion of the court, the prosecuting attorney, or the offender, an offender must still waive his right to physically appear.  In response, the state of Ohio ("State") argues that even if physical presence is required by Crim.R. 43(A), McCollins forfeited all but plain error by failing to raise this issue at the hearing, and there existed no plain error here.

{¶ 6}  In support of his argument, McCollins cites to *State v. Moore*, Cuyahoga App. No. 86224, 2006-Ohio-816, which held in part, that, in absence of a waiver, sentencing a defendant by video conference violates Crim.R. 43(A)'s physical presence requirement and requires reversal. However, *Moore*, is distinguishable from the present case as the defendant in *Moore,* timely objected to appearing by video conference.  Accordingly, we agree with the State that McCollins has waived all but plain error and further find that McCollins has failed to demonstrate any plain error, as the outcome of the resentencing would not clearly have been otherwise, but for the error.  Plain error does not exist unless it can be said that, but for the

error, the outcome of the trial clearly would have been otherwise. *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804.

{¶ 7} It is axiomatic that a criminal defendant has a fundamental right to be present at all critical stages of his criminal trial. Section 10, Article I, Ohio Constitution, Crim.R. 43(A); *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864. "An accused's absence, however, does not necessarily result in prejudicial or constitutional error." *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31. "[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." Id. Thus, the defendant's absence in violation of Crim.R. 43(A), although improper, can constitute harmless error where he suffers no prejudice. *State v. Williams* (1983), 6 Ohio St.3d 281, 452 N.E.2d 1323, see, also, *State v. Armas*, Clermont App. No. CA2004-01-007, 2005-Ohio-2793 (a violation of Crim.R. 43(A) is not a structural error; therefore, it is subject to the harmless error analysis).

{¶ 8} Initially, we note that McCollins's rights were adequately protected. McCollins was represented by counsel and cannot show that his counsel was defective in any manner. Furthermore, McCollins suffered no prejudice by not being physically present and being present only by remote video. The trial court resentenced McCollins to the same sentence as originally ordered, and the five-year period of postrelease control ordered by the

court was mandatory. McCollins does not claim that his physical presence could have changed the outcome of the resentencing, and we fail to see how his physical presence could have made any difference. Therefore, we find that a fair and just hearing was not in any way thwarted by McCollins's physical absence and his rights were adequately represented by counsel at the hearing.

{¶ 9} McCollins next raises the constitutional argument that the Ohio legislature has improperly equated physical presence with presence via video conference equipment in violation of his due process rights. See, R.C. 2929.191(C), which permits the offender to appear at the hearing by video conference upon the motion of the court, the prosecuting attorney, or the offender. However, as stated above, McCollins failed to object to his presence at resentencing by video conferencing. "Failure to raise at the trial court level [the] issue of constitutionality of a * * * statute or its application, although issue was apparent at the time of trial, * * * constitutes a waiver of such issue and a deviation from this State's orderly procedure; therefore, issue need not to be heard for first time on appeal._ *State v. Awan* (1986), 22 Ohio St.3d 120, 489 N.E.2d 277, at syllabus.

{¶ 10} Based on the foregoing, McCollins's first assignment of error is overruled.

{¶ 11} In his second assigned error, McCollins argues the trial court erred in proceeding to sentencing without first affording him the right of allocution. We find this argument to lack merit.

{¶ 12} Crim.R. 32(A) provides that before imposing sentence the court shall "afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."

{¶ 13} "[A] trial court_s failure to address the defendant at sentencing is not prejudicial in every case." *State v. Campbell*, 90 Ohio St.3d 320, 2000-Ohio-183, 738 N.E.2d 1178, citing *State v. Reynolds,* 80 Ohio St.3d 670, 1998-Ohio-171, 687 N.E.2d 1358, (finding an omission of allocution harmless error because the defendant had made an unsworn statement to the jury and sent a letter to the judge, and defense counsel had made a statement to the judge on the defendant_s behalf). See, also, *State v. Arroyo*, Cuyahoga App. No. 90369, 2008-Ohio-3808.

{¶ 14} Here, it is uncontested that defendant_s convictions statutorily required the imposition of postrelease control and that the original sentence omitted this mandatory component of his sentence. It is equally without dispute that on the date of resentencing, defendant was already scheduled to be released within 36 hours. Furthermore, defendant does not dispute the State_s representation that he had on previous occasions addressed the court, including by way of a motion for judicial release. The error of the court, by not personally addressing defendant or inquiring whether he wished to speak in mitigation at this resentencing is harmless considering all of the facts. Nothing he could have said would

have changed the inevitable; defendant was nearly finished serving his prison term and the trial court had no discretion but to impose the mandatory postrelease control component of defendant_s sentence.   See, *Arroyo.*

{¶ 15} McCollins's second assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN A. GALLAGHER, JUDGE

PATRICIA A. BLACKMON, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR

Appendix

Assignments of Error:

{¶ 16} "I.   Imposing post-release control by video conference in the absence of a written or oral waiver violates Crim.R. 43(A) and appellant's due process right to be physically present at every stage of his criminal proceeding."

{¶ 17} "II.   The trial court erred in sentencing appellant without affording him his right of allocution under Criminal Rule 32(A)(1)."