[Cite as *State v. Wagner*, 2011-Ohio-4125.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96200

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SHONDREA WAGNER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-460396

**BEFORE:**   Boyle, P.J., S. Gallagher, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**   August 18, 2011

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building, Suite 940
526 Superior Avenue
Cleveland, Ohio   44114

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Katherine Mullin
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY J. BOYLE, P.J.:

{¶ 1}   Defendant-appellant, Shondrea Wagner, appeals the trial court's imposition of postrelease control following her resentencing hearing.   She raises a single assignment of error:

{¶ 2}   "The trial court violated Crim.R. 32 when there was an unnecessary delay in sentencing appellant."

{¶ 3}   We find no merit to her assignment of error and affirm.

{¶ 4}  In May 2005, following her guilty plea, Wagner was sentenced to six years in prison for felonious assault.  At the time of sentencing, the trial court, however, failed to properly impose the proper period of postrelease control.  Consequently, on December 9, 2010, the trial court held a resentencing hearing and imposed the exact same sentence of six years but also properly imposed a mandatory term of three years of postrelease control.

{¶ 5}  Wagner now appeals, arguing that the mandatory period of postrelease control should be vacated because there was an unreasonable delay between her conviction and sentence.  Specifically, she argues that, because the original imposition of postrelease control was void, she was not properly sentenced to a period of postrelease control until more than five years after her conviction.  According to Wagner, this length of delay is clearly unreasonable and directly contravenes Crim.R. 32(A).

{¶ 6}  This court, however, has addressed and rejected this very argument on several occasions.  See, e.g., *State v. Hunter,* 8th Dist. Nos. 95111-95113, 2011-Ohio-1682, ¶20; *State v. Zganjer*, 8th Dist. No. 94724, 2011-Ohio-606, ¶5; *State v. Lucas*, 8th Dist. No. 90545, 2008-Ohio-4584 (no legitimate expectation of finality in a void sentence); *State v. Huber*, 8th Dist. No. 85082, 2005-Ohio-2625, ¶8 (Crim.R. 32(A) does not apply to resentencing); *Smith v. Cuyahoga Cty. Sheriff's Dept.*, 8th Dist. No. 94626, 2010-Ohio-1763, ¶11 (court did not lose jurisdiction to resentence for postrelease control when there was a ten-year delay between

original sentence and resentencing). Accordingly, consistent with our precedent, we summarily overrule Wagner's assignment of error.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
EILEEN A. GALLAGHER, J., CONCUR