[Cite as *State v. Gresham*, 2011-Ohio-4411.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No.   95992

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CLEVELAND GRESHAM

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-472990

**BEFORE:**   Boyle, P.J., Cooney, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   September 1, 2011

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building
Suite 940
526 Superior Avenue
Cleveland, Ohio   44114

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Katherine Mullin
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY J. BOYLE, P.J.:

{¶ 1} Defendant-appellant, Cleveland Gresham, appeals the trial court's imposition of postrelease control following his resentencing hearing.   He raises a single assignment of error for our review:

{¶ 2} "The trial court violated Crim.R. 32 when there was an unnecessary delay in sentencing appellant."

{¶ 3} We find no merit to his appeal and affirm.

{¶ 4} In March 2006, Gresham was sentenced to five years in prison for felonious assault and the attendant firearm specifications. At the time of sentencing, the trial court, however, failed to properly impose the proper period of postrelease control. Consequently, on October 13, 2010, the trial court held a resentencing hearing, imposed the exact same sentence of five years in prison, and also properly imposed a mandatory term of three years of postrelease control.

{¶ 5} Gresham now appeals, arguing that the mandatory period of postrelease control should be vacated because there was an unreasonable delay between his conviction and sentence. Specifically, he argues that, because the original imposition of postrelease control was void, he was not properly sentenced to a period of postrelease control until more than four years after his conviction. According to Gresham, this lengthy delay is clearly unreasonable and directly contravenes Crim.R. 32(A), which mandates that "[s]entence shall be imposed without unnecessary delay."

{¶ 6} This court, however, has addressed and rejected this very argument on several occasions. See, e.g., *State v. Hunter*, 8th Dist. Nos. 95111-95113, 2011-Ohio-1682, ¶20; *State v. Zganjer*, 8th Dist. No. 94724, 2011-Ohio-606, ¶5; *State v. Lucas*, 8th Dist. No. 90545, 2008-Ohio-4584 (no legitimate expectation of finality in a void sentence); *State v. Huber*, 8th Dist. No. 85082, 2005-Ohio-2625, ¶8 (Crim.R.32(A) does not apply to resentencing); *Smith*

*v. Cuyahoga Cty. Sheriff's Dept.*, 8th Dist. No. 94626, 2010-Ohio-1763, ¶11 (court did not lose jurisdiction to resentence for postrelease control when there was a ten-year delay between original sentence and resentencing). Accordingly, consistent with our precedent, we summarily overrule Gresham's assignment of error.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
SEAN C. GALLAGHER, J., CONCUR