[Cite as *Cleveland v. Henderson*, 2018-Ohio-2187.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 105683, 105684, 105685 and 105686**

---

**CITY OF CLEVELAND**

PLAINTIFF-APPELLEE

vs.

**AZZAM HENDERSON**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED IN PART; REVERSED IN PART
AND REMANDED

---

Criminal Appeal from the
Cleveland Municipal Court
Case Nos. 2016 CRB 019386, 2016 CRB 022855,
2017 CRB 000461, and 2017 CRB 003580

**BEFORE:** Jones, J., Kilbane, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** June 7, 2018

**ATTORNEY FOR APPELLANT**

Amichai Eitan Zukowsky
23811 Chagrin Blvd., Suite 160
Cleveland, Ohio 44122


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
City of Cleveland Director of Law

BY: Verlinda L. Powell
Assistant City Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant, Azzam Henderson, appeals the trial court's denial of his motion to continue his case for trial. For the reasons that follow, we reverse and remand his convictions in Cleveland M.C. Nos. 2016 CRB 019386, 2016 CRB 022855, and 2017 CRB 000461, but affirm his conviction in Cleveland M.C. No. 2017 CRB 003580.

{¶2} In January 2017, Henderson was arraigned in three separate cases as follows: one count of domestic violence and one count of endangering children in Cleveland M.C. No. 2016 CRB 019386; one count of aggravated menacing in Cleveland M.C. No. 2016 CRB 022855; and one count of domestic violence in Cleveland M.C. No. 2017 CRB 000461.

{¶3} The court set the cases for trial for January 19, 2017, but Henderson appeared in court without legal counsel; the trial court granted him a continuance to obtain counsel. Henderson was represented by an assistant public defender at his pretrial hearing, and the cases

were set for a February 21, 2017 trial date.

{¶4} On February 21, 2017, a newly assigned assistant public defender was present in the courtroom; the public defender's office had just rotated its attorneys' courtroom assignments. Henderson immediately raised the issue that he was being represented by an attorney he did not know and asked for a continuance to hire an attorney. Henderson insisted that if he had known that the assistant public defenders were going to switch courtrooms, he would have hired his own lawyer. The trial court explained to Henderson that the public defender's office rotates its attorneys through the municipal court's courtrooms and even though a defendant may start with one attorney, the defendant may not have the same attorney during the pendency of the entire case.

{¶5} The trial court and parties engaged in a dialog about Henderson's right to counsel and the fact that witnesses were present for trial. The city alleged that Henderson had violated the trial court's no-contact order and had been in contact with the victim that day. The trial court stated that it would not grant a continuance and that trial would go forward, in part due to the allegations of contact raised by the city and the potential of jeopardizing the case.

{¶6} The cases proceeded to a bench trial and the trial court convicted Henderson of all counts in each case.

{¶7} Henderson was later charged in two separate cases with contempt of court for telephone calls he made from jail while awaiting sentencing. He pleaded no contest in Cleveland M.C. No. 2017 CRB 003580 and the other case was dismissed.

{¶8} Henderson was sentenced to a total of 332 days in jail and two years of active probation with the condition that he complete domestic violence intervention education training.

{¶9} Henderson filed a timely notice of appeal in all of his cases, and we consolidated the cases for briefing and disposition. He raises the following assignment of error:

I.   The court erred by not granting Defendant's motion for continuance, effectively denying Defendant's right to obtain counsel of choice.

{¶10} Although this court consolidated Henderson's four cases for briefing and decision, this assignment of error deals solely with the three cases on which Henderson requested a continuance to retain new counsel: Cleveland M.C. Nos. 2016 CRB 019386, 2016 CRB 022855, and 2017 CRB 000461. Henderson has not raised any arguments with regard to his conviction or sentence in Cleveland M.C. No. 2017 CRB 003580; therefore, we summarily affirm his conviction in that case.

{¶11} In his sole assignment of error, Henderson claims that the trial court erred when it did not continue the trial on his cases in order for him to retain counsel.

{¶12} We consider a trial court's ruling on a motion for continuance under an abuse of discretion standard. *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶13} We recognize that a defendant's fundamental Sixth Amendment right to counsel must be weighed against the need for efficient and effective administration of criminal justice. *State v. Dayem*, 8th Dist. Cuyahoga No. 90477, 2008-Ohio-4095, ¶ 28.

{¶14} Henderson urges this court to review this matter under a structural- error analysis. In *United States v. Gonzalez-Lopez*, 548 U.S. 140, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006), the United States Supreme Court held that a court's erroneous deprivation of a criminal defendant's choice of counsel entitles the defendant to a reversal of his or her conviction. The court further held that appellate review of the court's decision to remove counsel is not subject to a harmless-error analysis, but rather qualifies as structural error. *Id.* at 150, citing *Sullivan v.*

*Louisiana*, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993).

{¶15} Structural errors are constitutional errors that defy analysis by "harmless error" standards because they affect the framework in which the trial proceeds, rather than just being error in the trial process itself. *Gonzalez-Lopez* at 148. A structural error mandates a finding of per se prejudice and results in automatic reversal. *Dayem* at ¶ *id.*, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306.

{¶16} In *Gonzalez-Lopez*, the court noted that the right to counsel of choice does not extend to defendants who require counsel to be appointed for them and recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness and the demands of its calendar, but found that none of those limitations were relevant in that case. *Id.* at 151-152.

{¶17} Henderson urges this court to follow the holding in *Dayem*, where this court found an abuse of discretion when the trial court denied the defendant's motion made on the day of his resentencing hearing. The defendant asked for a continuance to retain counsel because he felt "more comfortable with a paid attorney." *Id.* at ¶ 31. This court noted that the defendant had been trying to arrange for a new attorney for a week, and had previously retained three attorneys to represent him. Relying on the authority of *Gonzalez-Lopez*, this court found that the trial court had abused its discretion. *Id.* at ¶ 34.

{¶18} In this case, Henderson indicated that he was unaware that the assistant public defender who represented him at his pretrial would not represent him at trial. The court explained to Henderson that the assistant public defenders rotate courtrooms and a new public defender had just been assigned to the courtroom. Henderson asked for a continuance to retain an attorney.

{¶19} The prosecutor stated that the city was ready to proceed to trial and was concerned

because Henderson was "staring down" the victim in the courtroom, alleged that Henderson had violated the trial court's no-contact order as recent as the day of trial, and alleged that he was interfering with the city's case.

{¶20} The trial court asked defense counsel to try to contact Henderson's originally assigned counsel, but made it clear that the case would proceed to trial whether his original attorney represented him or not. When the court found out that Henderson's original attorney was engaged in trial in another courtroom, it stated, "I would just add that in light of the allegations made by the city, I think that a continuance would further jeopardize this case, so we are going to go forward."

{¶21} We find that the trial court abused its discretion when it denied Henderson's motion for a continuance. Henderson indicated to the court that he did not know his attorney, having just met him the day of trial. This necessarily meant that the attorney was unprepared for trial, having not yet had a chance to talk with his new client, who was being accused of multiple crimes in three separate cases.

{¶22} We are cognizant of the city's concerns: the allegations that Henderson violated the court's no-contact order and was "staring down" the victim. However, the trial court could have revoked Henderson's bond if it found merit to the city's allegations, set a higher bond, or imposed another sanction upon him. Although we note new counsel attempted to reach Henderson's originally assigned counsel, there is no reason the court could not have continued the case until that attorney was available or until Henderson retained new counsel.

{¶23} In light of the above, we sustain Henderson's assignment of error and reverse his convictions in Cleveland M.C. Nos. 2016 CRB 019386, 2016 CRB 022855, and 2017 CRB 000461; those cases are remanded for proceedings in accordance with this opinion. We affirm his conviction in Cleveland M.C. No. 2017 CRB 003580.

**{¶24}** Judgment affirmed in part and reversed in part.    Case remanded.

It is ordered that appellant and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR